Richmond

## WANV, INC.
v.
## MR. AND MRS. E.F. HOUFF, JR., ET AL. and THE
## ZONING ADMINISTRATOR FOR ROCKBRIDGE COUNTY
## VIRGINIA

June 9, 1978

Record No. 770130

Present: I'Anson, C.J., Carrico, Harrison, Harman, Poff and Compton, J.J.

*William B. Poff (Diane McQ. Strickland; Humes J. Franklin, Jr.; Donald W. Denney; Woods, Rogers, Muse, Walker & Thornton; Franklin and Franklin,* on brief for appellant.

*W.T. Robey, III* for appellees.

No brief for Zoning Administrator for Rockbridge County, appellee.

HARRISON, J., delivered the opinion of the Court.

This controversy arose over the proposed construction by WANV, Inc., of a radio tower in a residential district of Rockbridge County near the corporate limits of Lexington. The court below decreed that the action of the County's Zoning Administrator in issuing a building permit for its construction was void, and approved the rescission of the permit by the Administrator.

WANV contends that appellees,[1] who are landowners or occupants of land located in the vicinity of the site of the proposed tower, have no standing to bring the action under review because they allegedly failed to comply with the jurisdictional requirements of Virginia Code §15.1-496.3. Appellant further alleges that

---

[1] Unl. otherwise indicated, a reference in this opinion to appellees is to the citizen appel. .s and not to the Zoning Administrator.

the evidence was insufficient to overcome the presumption of validity which it claims must be accorded to the unappealed issuance to it of the building permit, and that the evidence failed to establish that the action of the Zoning Administrator was arbitrary, capricious or clearly unlawful.

In September, 1975, WANV contracted to acquire the broadcasting assets of the Rockbridge Broadcasting Corporation which operated radio station WREL. The land on which WREL was located was not included in the purchase of the station, and the purchase agreement required WANV to secure an option within thirty days on land on which WREL could be relocated. On December 16, 1975, WANV applied to the County of Rockbridge for a permit "to construct a public utility pole for radio broadcast transmissions and associated utility building on the property of William M. Agnor, Jr., situated in Rockbridge County. . . ." The property consisted of approximately three acres and WANV held it under lease with an option to purchase. The pole was described as being about 206 feet in height, and the utility building was described as a single-story structure, 10 feet by 10 feet, for housing transmitting equipment. On December 17, 1975, the Zoning Administrator issued the building permit to WANV to erect the tower and utility building.

It appears that no construction was begun until May 14, 1976, at which time, at the request of representatives of WANV, William M. Agnor, Jr., did some work on the site with a backhoe. The work took about two hours to perform and consisted of digging several holes to be used as a base for the tower. On the night of May 14, 1976, and pursuant to instructions by the Rockbridge County Commonwealth's Attorney, all work on the project ceased. There was no further construction work done other than the erection of the small utility building in August, 1976. WANV never posted its building permit, or notified the County's Building Inspector that it was commencing construction, in the manner contemplated by the County building code.

On June 14, 1976, appellees requested the Board of Supervisors to revoke the permit granted WANV. The Board took no action, and three days later appellees filed their petition in the court below against WANV and the Zoning Administrator of Rockbridge County, seeking (1) to enjoin WANV from constructing the tower and utility building, (2) to have the court declare the building permit issued by the Building Inspector void and a violation of the

County's Zoning Ordinance, and (3) to have the court direct the appropriate personnel of the County "to strictly enforce the Zoning Ordinance for the County of Rockbridge as it may apply to the building permit which is the subject matter of this proceeding".

WANV filed a motion to dismiss upon the ground that appellees had not complied with Code §15.1-496.3 in that they had failed to file suit within the requisite fifteen days after WANV had started construction of its utility building and tower. It also answered and claimed that its building permit was in all respects valid.

The Zoning Administrator answered that in issuing the permit he acted honestly, in good faith, and in reliance upon an opinion by a former Commonwealth's Attorney involving a similar situation. He requested the court "to provide guidance and advice regarding interpretation of Section 4-1-10 of the Zoning Ordinance of Rockbridge County, Virginia in a manner equitable to all parties concerned".

On July 13, 1976, counsel for appellant advised the court below in writing that "there are no immediate plans by WANV to construct a tower. The building being constructed [referring to the utility building] is one which is permitted in all zones in Rockbridge County. Should there be any change in plans insofar as construction of a tower is concerned, we would certainly notify the Court as well as counsel for all parties".

Appellant proposed to construct its tower and utility building in a district zoned "residential general" by the Zoning Ordinance of Rockbridge County. The structures authorized in this residential zone are described as family dwellings, schools, churches, accessory buildings, parks and playgrounds. Off-street parking is permitted as are "public utilities such as poles, lines, distribution, transformer, pipes, meters, and/or other facilities necessary for the provision and maintenance, including water and sewerage facilities". A radio tower is not listed as either an authorized or a permitted use.

WANV argues that the court should construe a radio station to be a public utility, within the meaning of the Rockbridge Zoning Ordinance, and cites *State of Washington* v. *Redman,* 60 Wash.2d 521, 374 P.2d 1002 (1962), where it was held that a radio station with its transmitting tower is a public utility.

■ We think it clear, however, that the term "utilities", as employed in the Rockbridge Zoning Ordinance, includes those

utilities that provide services which are necessary and essential to any residential area, *e.g.*, electricity, water, gas, telephone and sewerage facilities, and that a radio tower is not contemplated within the meaning of the term.

■ Counsel for WANV points out that appellees could have proceeded under Code §15.1-496.1, and under §9-4 of the Zoning Ordinance of Rockbridge County, to appeal the decision of the Zoning Administrator to the Board of Zoning Appeals of the County. This administrative avenue of challenging the action of the Zoning Administrator should have been taken wthin thirty days following the issuance of the permit on December 17, 1975, and it was not done. Instead, appellees availed themselves of the "direct access" provision of Code §15.1-496.3, which provides, in pertinent part, as follows:

> "Proceedings to prevent construction of building in violation of zoning ordinance. - Where a building permit has been issued and the construction of the building for which such permit was issued is subsequently sought to be prevented, restrained, corrected or abated as a violation of the zoning ordinance, by suit filed within fifteen days after the start of construction by a person who had no actual notice of the issuance of the permit, the court may hear and determine the issues raised in the litigation even though no appeal was taken from the decision of the administrative officer to the board of zoning appeals."

WANV alleges that Houff and associates failed to satisfy the requirements of the statute necessary to give them standing to maintain their petition. Specifically appellant says that appellees' suit was filed neither within fifteen days after the start of construction nor by a person who had no actual knowledge of the issuance of the permit. Appellee R. B. Topping testified that he did not know that a permit had been issued WANV until the early part of June, just prior to the time he and others filed their petition on June 17, 1976. The trial court found as a fact that appellant offered no evidence to refute Topping's testimony, and that, although Topping resided within the limits of the City of Lexington, his home was on Thorn Hill Road, "right in the same area" of the proposed tower construction, and that he had standing to challenge the issuance of the permit. The court also found as a fact that appellees' suit was filed within fifteen days after WANV started construction. These findings of fact by the trial judge have the weight of a jury verdict.

■ The court reached the conclusion that the operation of a backhoe by Agnor on May 14, 1976, amounted to, at the most, minimal work and did not constitute "the start of construction" within the contemplation of Code §15.1-496.3. We agree that the work performed by Agnor was not of sufficient moment to amount to a start of the construction of the radio tower and utility building. It could more properly be designated as work preliminary to construction. See *McClung* v. *County of Henrico*, 200 Va. 870, 108 S.E.2d 513 (1959), and the authorities cited therein.

■ The construction of a radio tower in the residential zone in question was not a permitted use. Since it was not a use permitted by the Zoning Ordinance, there was no discretion to be exercised by the Zoning Administrator, and he was without authority to issue the permit. WANV says that there is a presumption that public officials will act honestly and lawfully and that this presumption extends to the decision of the official administering the zoning law, citing *Alleghany Enterprises* v. *Covington*, 217 Va. 64, 225 S.E.2d 383 (1976). It argues that the test is whether the action of the official was arbitrary, citing *Maritime Union* v. *City of Norfolk*, 202 Va. 672, 119 S.E.2d 307 (1961), and that the party challenging the action must show that the granting of the building permit was contrary to law or plainly wrong, citing *Tidewater Utilities* v. *Norfolk*, 208 Va. 705, 160 S.E.2d 799 (1968).

The authorities cited by appellant are inapposite. Admittedly the Zoning Administrator in the case under review acted in good faith and under the honest belief that he had a legal right to issue the building permit. The point is that he was without authority to act at all.

*Segaloff* v. *City of Newport News*, 209 Va. 259, 163 S.E.2d 135 (1968), is pertinent to our decision here. In *Segaloff* a building permit was issued by the City of Newport News for the construction of a La Vogue store. Shown on the plans filed for a building permit was a 16 x 75 foot structure designated thereon as a canopy. During the course of construction the City's Director of Building Inspection visited the premises and noted the canopy for the first time, although it was shown on the plans. He observed that it was located within 30 feet of Warwick Boulevard in violation of the 30-foot setback requirement as specified in a City zoning ordinance. Various discussions were then had between the City and Segaloff, and the possibility of alternate courses of action was explored. Ultimately Segaloff was notified by the City Zoning Inspector that

the structure would have to be corrected to comply with the City's zoning ordinance. Thereafter the City filed a bill of complaint seeking injunctive relief for the removal of the canopy. The court ordered that the portion of the structure located within 30 feet of the street line be removed. Segaloff appealed, and we affirmed, holding:

> "It is well - established that a municipality, under valid zoning ordinances, may require that permits be obtained from designated public officials as a prerequisite to the erection of buildings or similar structures. . . . When a municipality grants such a permit, it is acting in its governmental, not proprietary, capacity and is not estopped as the result of its acts or those of its agents or employees. [Authorities omitted.]

> "If a building permit is issued in violation of law, it confers no greater rights upon a permittee than an ordinance itself, for the permit cannot in effect amend or repeal an ordinance, or authorize a structure at a location prohibited by the ordinance. Its issuance by such a municipal officer is unauthorized and void. . . .' . . .[A]dministrative agencies, in the exercise of their powers, may validly act only within the authority conferred upon them. . . .' *Pump and Well Company* v. *Taylor,* 201 Va. 311, 317, 110 S.E.2d 525, 529 (1959). "'We must construe the law as it is written. An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute.'" *Richmond* v. *County of Henrico,* 185 Va. 176, 189, 37 S.E.2d 873, 879 (1946)." 209 Va. at 261-62, 163 S.E.2d at 137.

Article 10-1 of the Rockbridge County Zoning Ordinance provides that any permit issued in conflict with the provisions of the ordinance shall be null and void. The trial court held that the building permit issued to WANV was void. Article 10-2 of the County's Zoning Ordinance makes it a criminal offense for the Zoning Administrator to permit a violation of the County Ordinance, and Code §15.1-491(d) imposes a continuing responsibility upon a zoning administrator to enforce by legal action the terms of a zoning ordinance. Although the Zoning Administrator, in the case under review, professed good faith in issuing the permit, he neither admitted nor denied the various allegations contained in

the petition of appellees, and affirmatively requested of the court "guidance and advice".

■ While it was the responsibility of the Zoning Administrator to enforce the zoning ordinances of Rockbridge County, the parties who may be adversely affected by the construction of a radio tower in a particular residential district are those persons who own or live on property within, or in close proximity to, the district. They are the aggrieved persons, and the ones contemplated by Code §15.1-496.3, which authorizes "a person who had no actual notice of the issuance of the permit" to institute proceedings to prevent construction of the building in violation of a zoning ordinance. The trial court found as a fact that at least one of the appellees [Topping] was a person who had no actual knowledge of the issuance of the permit and therefore had standing to seek the relief sought by appellees in their petition.[2]

The memorandum opinion of the trial court recites that: "The zoning administrator, pursuant to his statutory authority, has ordered in writing the rescission and withdrawal of the building permit as of November 3, 1976." By its final decree, entered November 9, 1976, the court overruled WANV's motion to dismiss: decreed that the building permit issued on December 17, 1975, by the Zoning Administrator to WANV, Inc., for the construction of the radio tower on the Agnor property was void; and ratified and approved the action of the Zoning Administrator in rescinding and withdrawing the permit.

The decree of the lower court is

*Affirmed.*

---

[2] For a discussion of the substantive rights of private citizens under the zoning provisions of the Virginia Code, *see* Brown, *Zoning Laws: The Private Citizen as an Enforcement Officer*, 9 U. of Rich. L. Rev. 483 (1975).