Richmond

## Town of Blacksburg

### v.

## William H. Price, et al.

June 6, 1980.

Record No. 780720.

Present: All the Justices.

W. Thomas Hudson, Town Attorney (Thomas D. Frith, Jr.; Frith & Pierce, on briefs), for appellant.

Warren S. Neily, Jr. (Neily & Irons, on brief), for appellees.

THOMPSON, J., delivered the opinion of the Court.

The Town of Blacksburg (Town) appeals from a Writ of Mandamus directing it and the Town Zoning Administrator to issue a certificate of occupancy to William H. Price. The Town takes the position that the building permit issued to Price was in conflict with the applicable zoning ordinance and therefore is void.

Price leased certain commercial property in the Town with plans to construct a commercial building and car wash on the property. A complete set of building plans and a site plan were submitted to the Town Council and the local Zoning Administrator. Both the building plans and the site plan indicated a fence along the 100-foot rear line of the property with a 25-foot opening to permit access to a rear alley.

On October 11, 1974, Price was issued a building permit in accordance with his plans and immediately began construction. On February 12, 1975, Price received from the planning director a notice advising him that the Town Council, at a meeting the previous day, had passed a motion directing Price to provide a screen to cover the entire rear of his car wash property. At the time the notice was received, the rear fence as shown on the plans had not been constructed, but the car wash and commercial building were approximately 60% complete, and Price had expended, or obligated himself to expend, approximately $100,000 on the project. On May 7, 1975, when construction was virtually complete, a certificate of occupancy was requested by Price, but was denied by the Zoning Administrator because the rear fence had not been erected in accordance with Council's motion of February 11, 1975.

After lengthy hearings before the Board of Zoning Appeals, Price filed a Petition for Mandamus and Injunction with the Circuit Court seeking issuance of the certificate of occupancy. The trial court concluded that the building permit was legally and properly issued and gave Price a vested right to construct a commercial building and car wash in accordance therewith. The court ordered that the decision of the Board of Zoning Appeals be reversed and a certificate of occupancy issued.[1]

---

[1] The Order entered April 3, 1978, recited:

And it appearing to the Court from the foregoing that the Respondent issued a building permit to the Petitioners on October 11, 1974, authorizing

■ A dispute arose as to the proper interpretation of the town ordinance.[2] Price contended that he had complied with the town ordinance because his site development plan showed required screening across 75% of the rear lot line. The Town contended that the ordinance required screening to cover the entire rear of the property. We conclude that the proper interpretation of the ordinance and its literal reading support the view of the Town.

■ The trial court also found that Price, by virtue of the building permit and his actions in building and improving the property, had acquired a vested right to proceed. Price contends that the case is controlled by *Fairfax County* v. *Cities Service*, 213 Va. 359, 193

the construction of a commercial building and car wash facility . . . in accordance with a site plan submitted by the Petitioners; that said site plan showed a fence across the rear line of the property with a 25 foot opening to permit access to a public alley: that Petitioners constructed said commercial building, car wash and fence in accordance with said site plan, and, on May 7, 1975, applied for a certificate of occupancy which was denied by the Zoning Administrator on the ground that the screening was not 75% opaque as called for by the Zoning Ordinance and the 25 foot opening in said fence had not been closed in accordance with a resolution passed by the Town Council on February 11, 1975; . . . .

It further appearing to the Court that the Building Permit issued October 11, 1974, was legally and properly issued and that the Petitioners thereby acquired a vested right to construct and develop said commercial building and car wash in accordance with said permit and site plan, the Court doth so ADJUDGE, ORDER and DECREE. . . .

[2] Town of Blacksburg Zoning Ordinance #356 provides in part:

Art. II, § 11. A rear yard shall be required if development occurs adjacent to a Zoning District other than commercial . . . . *Screening shall be provided in required yard space.* [Emphasis added.]

. . . .

Art. III, § 5. *Screening By Structure or Landscaping Required. Screening requirements*—certain activities shall be screened by structures, walls, fences, landscaping or a combination of these *so that these activities will not be detrimental to adjacent land. Screening standards*—required screening shall be provided in accordance with the following standards except where otherwise provided by Article II.

(1.) It shall have an opaqueness of . . . (75%).

(2.) It shall be at least six (6) feet in height and shall be subject to the provisions of Ordinance #347.

(3.) Its design and development shall be compatible with the existing and proposed land use and the development character of the surrounding land and structures.

. . . .

*Rear yard*—open unoccupied space on the same lot as the building between the rear line of the building (exclusive of steps) and the rear line of the lot, and *extending the full width of the lot.* [Emphasis added.]

S.E.2d 1 (1972), and *Fairfax County* v. *Medical Structures,* 213 Va. 355, 192 S.E.2d 799 (1972). In *Fairfax County* v. *Cities Services, supra,* 213 Va. at 362, 193 S.E.2d at 3, we said:

'[W]here . . . a special use permit has been granted under a zoning classification, a bona fide site plan has thereafter been filed and diligently pursued, and substantial expense has been incurred in good faith before a change in zoning, the permittee then has a vested right to the land use described in the use permit and he cannot be deprived of such use by subsequent legislation.'

*See also Fairfax County* v. *Medical Structures, supra,* 213 Va. at 358, 192 S.E.2d at 801. The Town contends that the case is controlled by *WANV* v. *Houff,* 219 Va. 57, 244 S.E.2d 760 (1978), and *Segaloff* v. *City of Newport News,* 209 Va. 259, 163 S.E.2d 135 (1968). In those cases we held that building permits which are in conflict with the applicable zoning ordinances are void and confer no right on the permittee, even though issued in good faith.

This is a case where a permit was issued at variance with an existing zoning ordinance and not a case of rezoning after the permit was issued. The permit was void *ab initio,* and no vested rights were acquired by the permittee. We hold that the case is controlled by *WANV* and *Segaloff* and that the trial court erred in its ruling.

We therefore reverse the action of the trial court and dismiss the Writ of Mandamus.

*Reversed and writ dismissed.*

COMPTON, J., concurs in result.