## Richmond

JAMES HURT, AN OFFICER AND AGENT OF THE CITY OF
RADFORD, AND COUNCIL OF THE CITY OF RADFORD

v.

## W. A. CALDWELL

June 12, 1981.

Record No. 790658.

Present: All the Justices.

*John B. Spiers, Jr. (Spiers, Spiers & Mink,* on brief), for appellants.
*Edwin C. Stone (Davis & Stone, Inc.,* on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

In July 1978, the zoning administrator of the City of Radford granted W. A. Caldwell a building permit to erect an apartment building. This action was upheld by the City's Board of Zoning Appeals, and the City applied to the court below for a writ of *certiorari* to the Board's decision. The trial court granted the writ and addressed the issue whether Caldwell's land was located within the RM-1 multiple-family residential district as shown on Montgomery County's zoning map.

The court found that the real estate of Caldwell affected by the proceeding was located within that portion of Radford annexed from Montgomery County on January 1, 1977. As such, the court held that it was subject to certain Montgomery County zoning provisions extended to the area by an ordinance adopted by the Radford City Council prior to January 1, 1977.* Consequently,

---

* On December 20, 1976, the City Council of Radford deemed it "necessary and proper that zoning regulations be applicable in the newly annexed territory until such time as permanent zoning regulations and plans can be formulated and adopted by the Planning Commission and the City of Radford . . . ." It therefore ordained that the county area annexed was "zoned into the districts and shall continue to be subject to the zoning regulations as set forth and provided in Chapter 18 of the Montgomery County Code, and as to such territory, the zoning map, and the zoning provisions and regulations of the Zoning Ordinance of Montgomery County, as set forth in said Chapter 18 of the Code of Montgomery County, are hereby adopted by reference and shall be in full force and effect in said territory until and unless modified, amended, or altered as required by law. . . ." City of Radford, Va., Ordinance No. 898 (Dec. 20, 1976).

the court ruled that the County ordinance and zoning map controlled in the case.

The trial court noted that the Board of Zoning Appeals, pursuant to Montgomery County Zoning Ordinance § 18-6(c), was responsible for resolving any dispute over the location of zoning districts and that the Board had decided the dispute over the location of Caldwell's land adversely to the City's position. It sustained and affirmed the Board's decision that the land was located within the RM-1 district. Additionally, the court determined that Caldwell's application for a building permit did not comply with the provisions of the County Code which required, *inter alia,* a conditional use permit and site development plan. Caldwell's noncompliance with these requirements was attributed by the trial court to the failure of the City's zoning administrator to properly enforce the County Code provisions. The court held that Caldwell, who offered to comply with the County Code provisions, should be afforded an opportunity to make application for the required conditional use permit. It directed that Caldwell's July 1978 application for a building permit "be considered the initial step" in the County's application process and that thereafter the application should be duly processed by the City. Counsel for the City objected to the action of the court "adjudicating W. A. Caldwell's entitlement to a building permit and/or a conditional use permit" and perfected this appeal.

In the view we take of this case it is unnecessary for us to consider the City's assignment of error which questions the action of the lower court in finding that Caldwell's land is located within the RM-1 district as shown on the Montgomery County zoning map. The City of Radford, on August 3, 1978, rezoned the area in question, including Caldwell's property, to a single family district, and it is presently so zoned. The dispositive issue is whether Caldwell, by virtue of the "building permit" issued to him on July 31, 1978, acquired the right to have his application processed and considered.

On or prior to July 31, 1978, Caldwell applied to the City zoning administrator for a building permit for the construction of eight multi-family apartment units on an eighteen-acre parcel of land annexed by Radford from Montgomery County. The City's zoning administrator is also its building official. Acting in accordance with the requirements of the administrator, Caldwell submitted a plat of his land and blueprints of the proposed apartment

complex. The administrator viewed the property, checked setbacks and square footage, and determined that the land was in a multiple-family zone according to a copy of a map which he had obtained from the Montgomery County Planning Commission. The administrator consulted the city attorney and otherwise processed Caldwell's application in the same manner that he had processed other applications for building permits in Radford. He did not have before him the Montgomery County ordinance which the City had adopted by reference. In fact, he did not know of the existence of such an ordinance. He assumed that the map provided him was correct and that he was to apply City procedures to the Montgomery County zones. The administrator erred in that assumption, because the City had expressly adopted the County ordinance by reference, and its provisions were applicable to Caldwell's application.

Article VII of the Montgomery County Code concerns RM-1 multiple-family residential districts. Section 18-53 sets forth its purposes. Section 18-54 reflects permitted uses, and § 18-55 provides for conditional use permits, site plans, etc., that are required. Section 18-55 reads as follows:

> Any application for development within this district shall require a conditional use permit, site development plan and any other plan or document deemed necessary by the zoning administrator in order to carry out the intent of this chapter. (4-15-69, § 7-2).

Article XIV of the County Code concerns conditional uses and provides that such uses may be permitted, enlarged, or altered on authorization of the County's Board of Supervisors (Radford City Council after annexation). Section 18-118 provides that such conditional use may be allowed when the use, its location, extent, and method of development will not substantially alter the character of the vicinity or unduly interfere with the use of adjacent lots. The governing body is authorized to impose additional requirements to insure that the use is compatible with the use and future use of adjacent lots in the vicinity. The basis for approval of a conditional use application is set forth in § 18-119. Additional standards may be required by the governing body in accordance with §§ 18-120, -121.

Section 18-122 of the County Code provided the procedure for taking action on a conditional use application and required a property owner to initiate a request for a conditional use by filing an application with the County (City) zoning administrator, together with the necessary fees. A copy of all site plans must be forwarded to the Planning Commission for its review and recommendations. The ordinance provided that no site plan be approved unless the Planning Commission had forwarded its recommendation to the administrator, or more than sixty days had elapsed following initial transmission of the plans to the administrator. Further, the ordinance provided that before the Board of Supervisors (City Council) could act on a conditional use application it must hold a public hearing thereon, following the procedures established by § 15.1-431 of the Code of Virginia.

In the instant case, there was no application for a conditional use permit submitted to the zoning administrator of Radford. No site plan was submitted. The matter was never referred for consideration by the Planning Commission or the Radford City Council, and no public hearing was ever advertised or conducted by the City.

While Caldwell may have been willing to apply for a conditional use permit he did not apply for one, as required by the applicable ordinances. The plans that Caldwell submitted to the zoning administrator appear to have been general apartment building plans and were not prepared for or geared to the site in question. Caldwell had not then consulted an architect or engineer about a site development plan for the property.

It is Caldwell's position that the permit issued to him was lawfully issued in the manner and form in which permits had been previously issued for the construction of buildings in the City of Radford. He says that if any mistake was made, it was not his mistake, but that of the City. He contends he was willing to comply with whatever ordinances were then applicable. He further claims that compliance with County Ordinance § 18-55 was not a prerequisite to the issuance of a building permit as it did not state that a conditional use permit must be obtained prior to the acquisition of a building permit. He says that, since his building permit was lawfully issued, he is still at liberty to prepare and submit site plans, apply for a conditional use permit, and otherwise comply with the ordinance. We disagree. A building permit is just what its name implies, a permit to construct a building. In July 1978,

such a permit could not be issued to property owners in the annexed area if they failed to comply with City Ordinance No. 898. This ordinance required the application of the provisions and regulations of Chapter 18 of the Montgomery County Code to zoning matters in this area.

There are valid reasons why a governing body requires site plans, conducts public hearings, and imposes conditions on the use of property which is to be occupied by an apartment complex. The problems incident to the development of a tract of land for multi-family use are much greater than those for a single residence family use.

The governing bodies of counties in Virginia are authorized by statute to enact local zoning ordinances. Code § 15.1-486. A governing body is empowered to reserve unto itself the right to issue special exceptions or use permits. Code § 15.1-491(c). Zoning is a legislative power vested in the Commonwealth and delegated by it, in turn, to various local governments for the enactment of local zoning ordinances. The local bodies, because of their knowledge of local conditions and the needs of their individual communities, are allowed wide discretion in the enactment and amendment of zoning ordinances. *See Byrum* v. *Orange County,* 217 Va. 37, 225 S.E.2d 369 (1976). Montgomery County adopted its zoning ordinance on April 15, 1969, in accordance with the provisions of Virginia Code §§ 15.1-486 through -498. The validity of this ordinance is not in question, and it is not controverted that the ordinance was in full force and effect when a portion of the County was annexed by the City of Radford.

The City's position is that, where a building permit is issued in violation of a local ordinance, the permit is null and void. It points out that the conditional use permit envisioned by County ordinance § 18-55 requires the submission of site plans, governing body consideration, and public hearings, and that none of these requisite steps was followed when the administrator issued Caldwell's building permit.

Counsel for Caldwell argues that the City is estopped from withdrawing the building permit issued to Caldwell. He says that "no one ever considered the conditional use permit, site development plan or any other plan or document to be required at all, and certainly not as a prerequisite of the application for and issuance of the building permit." He says that neither the building official nor the city attorney knew it was required and that Cald-

well knew nothing of the requirement. He points out that the building official testified that he did not even know the purpose of a conditional use permit or how one could be secured. While this argument has appeal the law which controls our decision here has long been established.

In *Segaloff* v. *City of Newport News,* 209 Va. 259, 261, 163 S.E.2d 135, 137 (1968), we held:

> It is well-established that a municipality, under valid zoning ordinances, may require that permits be obtained from designated public officials as a prerequisite to the erection of buildings or similar structures. 101 C.J.S., Zoning, § 219, p. 978. When a municipality grants such a permit, it is acting in its governmental, not proprietary, capacity and is not estopped as the result of its acts or those of its agents or employees. *Helms* v. *City of Charlotte,* 255 N.C. 647, 122 S.E.2d 817 (1961); 101 C.J.S., Zoning, § 223, p. 982; 13 Am. Jur.2d, Buildings, § 11, p. 276.
>
> If a building permit is issued in violation of law, it confers no greater rights upon a permittee than an ordinance itself, for the permit cannot in effect amend or repeal an ordinance, or authorize a structure at a location prohibited by the ordinance. Its issuance by such a municipal officer is unauthorized and void. 101 C.J.S., Zoning, §§ 238, 239, 241, p. 1001 *et seq.* ". . . [A]dministrative agencies, in the exercise of their powers, may validly act only within the authority conferred upon them. . . ." *Pump and Well Company* v. *Taylor,* 201 Va. 311, 317, 110 S.E.2d 525, 529 (1959). "'We must construe the law as it is written. An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute.'" *Richmond* v. *County of Henrico,* 185 Va. 176, 189, 37 S.E.2d 873, 879 (1946).

Admittedly, the building official of Radford acted in good faith and under his honest belief that he had a legal right to issue the building permit without complying with the requirements of a County ordinance of which he was ignorant. However, he was without authority to issue a building permit for the construction of a multi-family apartment building unless and until the County Code provisions had been met. Accordingly, the permit that he

did issue was void and of no effect. *See WANV* v. *Houff,* 219 Va. 57, 244 S.E.2d 760 (1978).

We are not concerned in this case with a landowner who has obtained a special use permit under a valid zoning classification, filed for and diligently pursued a bona fide site plan, and incurred substantial expense in good faith prior to a change in zoning, as was the case in *Fairfax County* v. *Medical Structures,* 213 Va. 355, 192 S.E.2d 799 (1972). Neither do we have a case similar to *Fairfax County* v. *Cities Service,* 213 Va. 359, 193 S.E.2d 1 (1972), where, after the issuance of a special use permit, Cities Service purchased property based on its value as then zoned and substantially changed its position by incurring a considerable expense for preparation and filing of site plans in good faith reliance on existing zoning. In the instant case, Caldwell has done little except apply for and obtain a building permit from a City official. No detailed site plans adapted to the land in question have been prepared by an architect or engineer, and no substantial expenditures have been made by Caldwell.

Caldwell's application for a building permit in 1978 did not comply with the applicable ordinances of Radford then in existence and was, in effect, a nullity. The trial court was in error in directing the City to treat this application as a valid compliance with the County ordinance and to process it in the same manner and form as if it were an application for a conditional use permit. Accordingly, we will reverse its judgment and enter final judgment for appellants.

*Reversed and final judgment.*