## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Charles S. Davis et ux.

v.

Thomas Muehlenbeck et al.

October 5, 1983

Case No. Ch-3335

By JUDGE BERNARD G. BARROW

The plaintiffs seek to enjoin the defendants from building homes on building sites in a condominium project in Virginia Beach because the project does not conform to the City's Subdivision Ordinance. Two questions are raised: (1) Are the plaintiffs barred from seeking to enforce the zoning ordinance because of time limitations and notice requirements contained in Virginia Code § 15.1-496? (2) Is a condominium project required to conform to all of the requirements of the City's Subdivision Ordinance? I am of the opinion that the plaintiffs' action is not barred by the provisions of Virginia Code § 15.1-496 and that the condominium project must conform to the City's Subdivision Ordinance.

The property involved is located adjacent to the plaintiffs' home and is zoned residential. The parcel has been converted into a condominium containing five separate condominium units, each unit consisting of an undivided interest in the common elements and a

separate individual interest in one each of five residential building sites. The defendants are the various owners of the condominium units.

## 1. Is the suit barred?

The plaintiffs contend that they are entitled to bring this action under the provisions of § 15.1-496.3 of the Virginia Code, while the defendants assert that the plaintiffs' suit is barred by time and notice limitations contained in that code provision. It provides, in part:

> Where a building permit has been issued and the construction of the building for which such permit was issued is subsequently sought to be prevented, restrained, corrected, or abated as a violation of the zoning ordinance, by suit filed within 15 days after the start of construction by a person who had no actual notice of the issuance of the permit, the court may hear and determine the issues raised in the litigation even though no appeal was taken from the decision of the administrative officer to the Board of Zoning Appeals.

Two of the defendants, William J. Davenport, III, and Cynthia M. Davenport, owners of one of the proposed condominium units, obtained a building permit for their site on May 3, 1983, and began construction on June 17, 1983.

The defendants, N. Joseph Dreps and Elizabeth H. Dreps, owners of another of the condominium units, obtained a building permit on June 7, 1983, and have not yet begun construction.

The remaining defendants, owners of the three remaining condominium units, have not obtained building permits and have not begun construction.

The plaintiffs filed suit on June 14, 1983, prior to the start of construction on any of the

building sites. Since § 15.1-496.3 authorizes only a suit filed "within 15 days after the start of construction," the defendants contend that it was not timely brought.

The defendants thus urge an interpretation of the statutory language which has the effect of creating only a 15-day window of time in which suit can be filed. On the other hand, this language can also be construed simply to set an outer deadline beyond which suit cannot be filed.

The conclusion of the Supreme Court in WANV v. Houff, 219 Va. 57 (1978), supports the latter interpretation of this language. In that case a building permit was issued on December 17, 1975; several holes were dug on the property with a backhoe on May 14, 1976, and suit was filed on June 17, 1976. The Supreme Court held that the digging on the property on May 14, 1976, did not constitute "the start of construction" and, thus, upheld the timeliness of the suit even though it was filed prior to the start of construction.

The apparent purpose of the time limitation is to prevent a suit to stop construction after it is well under way or even completed. This protection afforded a landowner is even enhanced when suit is filed prior to the start of construction. Therefore, I am of the opinion that suit in this case was timely filed.

The defendants also contend that the plaintiffs are barred from bringing suit because they had "actual notice of the issuance of the permit." The statute refers to actual notice of the issuance, rather than the existence of the permit, which indicates that it refers to actual notice at the time of issuance. See Brown, Zoning Laws: The Private Citizen as an Enforcement Officer, 9 U. Rich. L. Rev. 483, 499 (1975).

To conclude otherwise would bar a suit by a person who receives notice of the existence of a permit prior to the start of construction but after

the expiration period for appeal of the grant of the permit. This would leave such a person without a remedy. Therefore, I am of the opinion that the language of the Statute means actual notice at the time of issuance.

The plaintiff, Dr. Charles S. Davis, Jr., testified that he had been in contact with representatives of the City of Virginia Beach concerning the development of condominiums in his neighborhood since November, 1982. He also acknowledged that he found out about the building permit soon after it had been issued.

However, he further testified that he did not find out about the permit "until I saw the bulldozer." He could not recall the exact date. Counsel for the plaintiffs testified that he told the plaintiffs on June 10 that the building permit had been issued.

I find that the plaintiffs did not have actual notice of the issuance of the permit at the time of its issuance. They acquired knowledge of the existence of the permit after it had been issued and shortly prior to the filing of their suit. Therefore, the plaintiffs are entitled to bring this proceeding under § 15.1-496.3 of the Virginia Code.

2. Does the subdivision ordinance apply?

Section 55-79.43 of the Virginia Code provides that: "[S]ubdivision . . . ordinances in any county, city or town . . . shall apply to any condominium in the same manner as such ordinances would apply to a physically identical project or development under a different form of ownership." In 1982 the General Assembly substituted this language for its predecessor which read: "No subdivision ordinance in any county, city or town . . . shall apply to any condominium . . . unless such ordinance is by its express terms made applicable thereto."

The defendants argue that the language "under a different form of ownership" should actually be read

as meaning "owned by a single owner." This, they contend, means that the entire condominium is to be treated as if it were a single lot, and the requirements of any subdivision ordinance would be applied to the whole of the condominium in the same manner as if it were a single lot.

There are several obstacles to accepting this interpretation. First, even if the words "under a different form of ownership" are treated to mean "owned by a single owner," it does not necessarily follow that the condominium is to be treated as though it were a single lot. Real property is subject to the subdivision ordinance whenever property is divided into two or more lots for either immediate or future transfer of ownership or building development. See Virginia Beach, Va., Code, App. B - Subdivisions § 1.2 (1981). This is true whether the property is owned by one or more than one owner.

Secondly, it is difficult to understand why the legislature would have chosen the language "under a different form of ownership" if instead it intended to say "owned by a single owner" or "as though it were a single lot." This is particularly troublesome in light of the language which was eliminated by the 1982 insertion of the language which is in question. The earlier language prohibited the application of subdivision ordinances to any condominium unless such ordinance did so by its express terms. The current language reverses the prohibition and requires the application of subdivision ordinances to condominiums.

Finally, to construe the language of the statute to mean that condominiums are to be treated as if owned by a single owner, or as though they were a single lot in the application of a subdivision ordinance, is contrary to the basic definition of a condominium unit as expressed by the legislature. The Virginia Condominium Act provides that each condominium unit "shall constitute for all purposes a separate parcel of real property, distinct from all other condominium units." (Emphasis added). Va. Code § 55-79.42 (1981). A condominium unit consists of both

that portion of the condominium designed and intended for individual ownership and use and the undivided interest in the common elements that pertain to that unit. See Va. Code §§ 55-79.41(f) and (y) (1981).

The Virginia Beach Subdivision Ordinance applies when any parcel of land is divided into two or more lots for immediate or future transfer of ownership or building development. Virginia Beach, Va., Code, App. B - Subdivisions § 1.2 (1981). The defendants' condominium instruments divided a single parcel of land into five condominium units, each constituting a "single parcel of real property," for the purpose of transferring ownership and for building development. Therefore, it is subject to the Virginia Beach Subdivision Ordinance.

The defendants also contend that even if the subdivision ordinance is applicable, the condominium project complies with it. They point out that a subdivision plat of the same property containing five parcels was presented to the City's Planning Department and received tentative approval although it was never recorded. They acknowledge that the division of the parcels on the subdivision plat is different from the division contained in the condominium plat; however, they point out that since five parcels could have been obtained from the larger parcel and only five are contained in the condominium plat, the overall density requirement of the zoning laws has been met and the purpose of the subdivision ordinance achieved.

This overlooks, however, the failure of the condominium project to comply with other requirements of the ordinance.

The subdivision ordinance requires that each lot created in a subdivision shall have direct access to a public street. Virginia Beach, Va., Code, App. B - Subdivisions § 4.4(d) (1981). Two of the lots in the defendants' condominium project do not comply with this requirement.

The subdivision ordinance itself requires all lots created by subdivision to also meet all of the requirements of the zoning ordinance. Id. at § 4.4(b). The zoning ordinance in turn requires the lots involved to have a minimum lot area of 40,000 square feet and a minimum lot width of 125 feet. Virginia Beach, Va., Code, App. A - Zoning §§ 5.02(a) and (b) (1981). Three of the condominium units do not meet the minimum area requirement, and two of them do not comply with the minimum width requirement.

The zoning ordinance also requires a minimum right of way for a street to be at least 40 feet, Id. at § 4.1(m), and the condominium plat does not provide such a right of way. The zoning ordinance would also require a cul-de-sac of certain dimensions, Id. at § 4.1(p), which is not provided for in the condominium plat. Curbs and gutters and sidewalks would have to be constructed in accordance with certain specifications in order to be consistent with the City's zoning requirements, Id. at §§ 5.5(a) and 5.6, and no provision is made for these improvements in the condominium plat.

I am of the opinion that the defendants' condominium project does not comply with the Subdivision Ordinance of the City of Virginia Beach. It is required to comply with it in accordance with State law. Therefore, the defendants should be permanently enjoined from developing the condominium project further unless the condominium project is properly amended to conform with the subdivision requirements of the City.

Counsel for the plaintiffs is requested to prepare and present a properly endorsed order enjoining the individual defendants from constructing any improvements on the property in question in accordance with the condominium plat; however, the order should stay the effective date of the injunction for a period of 120 days for the purpose of permitting the defendants to comply with the Virginia Beach Subdivision Ordinance so long as they take no action inconsistent with this opinion.