## CIRCUIT COURT OF FREDERICK COUNTY

Remington J. Cussen

v.

Frederick County
Board of Supervisors

October 11, 1990

Case No. (Law) L88-105

BY JUDGE JAMES L. BERRY

This matter is a declaratory judgment action instituted by the landowner because of the denial of his application for rezoning of his property from A-2 to RP. The matter was heard *ore tenus* and taken under advisement to give the court the opportunity to reflect on the arguments of counsel and to review all the documentary evidence presented.

Plaintiff contends that the Board's denial of his application was arbitrary, capricious, and unreasonable, and for an improper motive, namely to preserve a corridor for the location of the "Eastern Loop."

To deal with the second contention first, it is the opinion of the Court that the references to "where the road should go" by Mr. Putnam (plaintiff's exhibit 2 and Defendant's exhibit 1) did indeed refer to the location of the "Eastern Loop" but were made in the context of the need for solutions to the perceived traffic problem on Senseny Road and evidenced no improper motive.

Was the Board's action arbitrary, capricious, or unreasonable? The following legal principles apply.

A presumption of validity attends the Board's denial of rezoning. The denial was legislative action which is presumed to be reasonable and which presumption "survives until the one who attacks the legislative action, and upon whom the burden of proof rests, shows clearly that the

action is unreasonable." *Board of Supervisors of Fairfax County v. Carper*, 200 Va. 653, 660 (1959).

The legislative action was reasonable if the matter in issue is fairly debatable.

> Given the human tendency to debate any question, an issue may be said to be fairly debatable when the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions. The evidence to be sufficient for this purpose must meet not only a quantitative but also a qualitative test; it must be evidence which is not only substantial but relevant and material as well.

*Fairfax County v. Williams*, 216 Va. 49, 58 (1975).

> Where presumptive reasonableness is challenged by probative evidence of unreasonableness, the challenge must be met by some evidence of reasonableness. If evidence of reasonableness is sufficient to make the question fairly debatable, the ordinance "must be sustained." If not, the evidence of unreasonableness defeats the presumption of reasonableness and the ordinance cannot be sustained.

*Fairfax County v. Snell Construction Corp.*, 214 Va. 655, 659 (1974).

Plaintiff contends that the tract sought to be rezoned lay within the *de facto* Urban Development Area. The Frederick County 1988 Comprehensive Policy Plan, under consideration at that time and, in fact, adopted on March 8, 1989, does include the Cussen tract within its Urban Development Area. Under its Land Use Concepts set out in that Plan, however, the Board set forth the following: "New urban development should be approved in the Urban Development Area when utilities and roads with sufficient capacity have been provided." (Plaintiff's exhibit # 5, p. 55.)

Evidence was presented that the Board was concerned with increased traffic on Senseny Road which would result from the rezoning requested and its impact on an already bad traffic situation resulting from many reasons, including the cumulative effect of previous rezonings.

Evidence was offered through Mr. Stiles that the last rezoning approval from A-2 to RP in this area was about a year before the Cussen application and that no such rezoning has occurred since that time.

It has been recognized that a legitimate concern of the Board of Supervisors is to "protect against undue density of population in relation to the

community facilities existing or available." *Fairfax County v. Williams,* 216 Va. 49, 51 (1975).

Because of their knowledge of local needs and conditions, local governing bodies are allowed wide discretion in the enactment and amendment of zoning ordinances. *Hurt v. Caldwell,* 222 Va. 91 (1981).

From the evidence presented, this Court cannot find that traffic along Senseny Road was not a legitimate concern of the Board of Supervisors.

The Court having found some evidence of reasonableness in the Board's action denying the application for rezoning, the matter was therefore "fairly debatable." This being so, the Board's action must be sustained and the plaintiff's prayer for relief denied.