# CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Gleb B. Grigorovich-Barsky

v.

Board of Zoning Appeals
of Northumberland County

March 26, 1997

BY JUDGE JOSEPH E. SPRUILL, JR.

This matter is before the Court upon a Writ of Certiorari for the review of a decision of the Board of Zoning Appeals of Northumberland County on January 10, 1995. This review is pursuant to § 15.1-497 of the Code of Virginia.

The issue arises from the complaint of the petitioner, Gleb B. Grigorovich-Barsky, who moved to Northumberland County in 1993. Mr. Barsky owns approximately twelve acres on Henry's Creek. To the east adjacent to petitioner's property, Mike Croxton runs a seafood operation. To the west, Mr. Croxton has his home. Mr. Croxton has a pier located at his private residence, and it is the activities which take place here that are the source of this controversy. Mr. Barsky contends that Mr. Croxton permits commercial fishermen to moor and work on their boats located here and because of the hours and methods of usage, this has become a burden and a nuisance. He complained to the Zoning Administrator and then to the Board of Zoning Appeals, which concluded the commercial use of the private pier was a lawful, nonconforming use.

Following a hearing on November 21, 1996, counsel were requested to file briefs. The last of these was filed February 28, 1997. These have now been considered, along with the record of the proceedings. The record consists, among other things, of the transcript of the hearing before the Board of Zoning Appeals and numerous letters and exhibits. Because the record appears to be relatively complete, the court finds that a further hearing is unnecessary.

Initially, we find that this is a commercial pier within the meaning of the zoning ordinance. Section 1-80 defines a commercial pier as follows:

*Pier, Commercial*: A pier or dock constructed for the landing of seafood and for the mooring of work boats or any boat that is used for profit in a business.

From the record, there can be no serious contention that Mr. Croxton does not use this pier for commercial purposes. His counsel conceded as much at the hearing, as did the Zoning Administrator. There, he said: "the pier has been used commercially for more than twenty years . . ." (quoting from his letter of December 5, 1994, to Mr. Barsky). By definition, and by acknowledgment, this is a commercial pier.

Next, we will assume that upon the adoption by the Northumberland County Board of Supervisors of its zoning ordinance in 1974, the commercial use of this pier from a residential lot was "grand fathered" as a nonconforming use. A nonconforming activity is defined in the 1974 ordinance as the otherwise legal use of a structure (i.e. pier) that does not conform to the use regulations of the ordinance for the district in which it is located. Section 1-56. In order for Mr. Croxton to continue this commercial activity in a residential waterfront district, R-2, the ordinance required a zoning permit. Section 10-2-1 of the ordinance mandates that all nonconforming uses be identified and catalogued and a zoning permit issued by the administrator. Because the commercial activities at the pier predated the adoption of the ordinance, they were allowed to continue, subject to the other requirements of the ordinance.

This nonconforming use was never identified and catalogued and no zoning permit was ever issued in connection with the operation of the pier in question. The county acknowledges this in its brief, claiming that it had neither the manpower nor the resources to undertake such a task.

This may be understandable, but it is not a valid excuse. The Board of Supervisors has broad discretion in enacting a zoning ordinance. The inclusion of the foregoing provision was not mandatory; it was the voluntary act of the Board. Once the ordinance was adopted, it becomes the law, and it must be followed. No one, least of all the Court, has the authority to ignore it. See *Hurt v. Cardwell*, 222 Va. 91 (1981), and *Foster v. Geller*, 248 Va. 563 (1994).

If a requirement of the ordinance proves to be burdensome or ill-conceived, the remedy is to amend the ordinance and delete it, not simply to ignore it. The reasons for this are too obvious to warrant further comment.

Because Mr. Croxton has conducted a commercial operation at his pier in a residential district without the permit required by either of the zoning ordinances adopted by the Northumberland County Board of Supervisors, his operation is in violation of the ordinance.

Accordingly, the decision of the Board of Zoning Appeals is reversed.

This does not mean that all activities at the pier must abate. The County Attorney and counsel for Mr. Croxton argue that Mr. Croxton has certain vested rights under Virginia Code § 15.1-492 because of the long usage of this pier for commercial purposes. The Court agrees. The record reflects that some commercial activity has been ongoing at the pier since prior to 1974. The extent of the commercial usage then and whether there has been significant expansion since that time will be a matter for the Board to determine. Mr. Croxton may not, however, be denied the right to conduct an appropriate level of commercial activity from this pier. But before such commercial activity should be allowed to continue, he should appear before the Board of Supervisors and obtain a conditional use permit as is required by the ordinance. Presumably the Board will give consideration to all parties affected by its decision and issue a permit to Mr. Croxton with such reasonable conditions as will fairly and responsibly address the concerns of all involved.