COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued by teleconference


BRANDON CLAY NICHOLS, S/K/A
 BRANDON CLAY NICHOLAS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2331-01-1         JUDGE LARRY G. ELDER
                                     SEPTEMBER 24, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                   Charles D. Griffith, Jr., Judge

            Cynthia D. Garris (The Law Office of Cynthia
            D. Garris, P.C., on brief), for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Jerry W. Kilgore, Attorney
            General, on brief), for appellee.


     Brandon Clay Nicholas (appellant) appeals from his

convictions for first-degree murder and use of a firearm in the

commission of murder.  On appeal, he contends the trial court

erroneously refused, under Rule 3A:8, to consider a plea

agreement tendered during the sentencing phase of the bifurcated

trial, before the jury completed its deliberations on

appellant's sentence.  The Commonwealth contends the trial court

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

lacked authority to consider the agreement.[1]  We hold the trial court lacked authority to entertain a guilty plea after the sentencing phase had begun.  Thus, the court did not err in refusing to consider the terms of the agreement under the facts of this case, and we affirm.

I.

BACKGROUND

Appellant was charged in separate indictments with the capital murder, first-degree murder and robbery of Stephen Jordan, robbery of Jordan's companion, and four related counts of using a firearm during the commission of those offenses. Appellant entered pleas of not guilty to those charges and requested trial by jury.  Appellant also was indicted for possession of a firearm by a convicted felon.  Proceedings on that indictment were continued for trial at a later date.

---

[1] The Commonwealth argues it is not prevented from taking an inconsistent position on appeal because the Commonwealth's attorney lacked authority to enter into a plea agreement which the trial court had no authority to consider.  See In re Department of Corrections, 222 Va. 454, 465, 281 S.E.2d 857, 863 (1981) (relying on Segaloff v. City of Newport News, 209 Va. 259, 261, 163 S.E.2d 135, 137 (1968), and WANV v. Houff, 219 Va. 57, 62-63, 244 S.E.2d 760, 763-64 (1978), zoning cases holding that public official cannot bind his agency or the state to do something the agency has no authority to do, to conclude that "the Commonwealth may not be estopped from repudiating the earlier position erroneously taken by the Commonwealth's Attorney . . .").  This procedural bar issue is inextricably linked to the merits of the appeal, and we must, therefore, reach the substantive issue of the trial court's authority to entertain the proffered agreement.

-

The jury found appellant guilty of first degree murder and the use of a firearm in the commission of murder. Following several hours of deliberations in the penalty phase of the trial, the parties notified the court they had reached a plea agreement. Before the trial court announced a decision about whether it would consider the terms of the plea agreement, the jury indicated it had reached a verdict on the appropriate sentence, and the court said, "I'm going to let the jury verdict be in this case."

At appellant's request, the trial court marked the plea agreement as an exhibit, but noted it had not read the agreement and would not consider it for the reasons it stated in the record. The agreement listed only three offenses--the two offenses for which appellant already had been convicted and the felon-in-possession-of-a-firearm offense for which appellant had not yet been tried. It indicated appellant agreed the facts were sufficient to prove his guilt for the first two offenses and that he was pleading guilty because he "[was] in fact guilty." The document also provided that, in exchange for appellant's guilty pleas, the parties agreed as to the appropriate sentences for those two offenses and indicated what those sentences were.

The trial court sentenced appellant in accordance with the jury's recommendation, giving him an active sentence greater than that contained in the proposed plea agreement.

-

II.

ANALYSIS

A plea agreement usually involves a defendant's pleading guilty in "exchange[] for sentencing concessions," a process in which "each side may obtain advantages."  Mabry v. Johnson, 467 U.S. 504, 508, 104 S. Ct. 2543, 2547, 81 L. Ed. 2d 437 (1984). Here, the parties proffered the agreement pursuant to Rule 3A:8(c), which provides as follows:

> (1)  The attorney for the Commonwealth and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon entry by the defendant of a plea of guilty . . . to a charged offense, or to a lesser or related offense, the attorney for the Commonwealth will do any of the following:
>
> *       *       *       *       *       *       *
>
> (C)  Agree that a specific sentence is the appropriate disposition of the case.

As we held in Daye v. Commonwealth, 21 Va. App. 688, 467 S.E.2d 287 (1996), in which the defendant sought to change his plea to guilty after the jury had already returned its verdict, "a plea of guilty" offered "following publication of a guilty verdict and its acceptance by the trial court" is "untimely and may not upset the procedural course of a bifurcated trial."  Id. at 692-93, 467 S.E.2d at 289.  Here, the trial court implicitly accepted the jury's verdicts when it proceeded to the sentencing

-

phase of the trial. Thus, it lacked authority to accept the guilty pleas which are an integral part of any plea agreement.[2]

For these reasons, we hold the trial court did not err in refusing to consider the proffered agreement on its merits under the facts of this case, and we affirm.

<u>Affirmed.</u>

---

[2] We do not address whether the trial court had inherent authority, outside the authority granted by Rule 3A:8(c), to entertain a sentence agreement between the parties dealing solely with the appropriate sentence to be imposed on the offenses for which the jury already had convicted appellant.

-