### Richmond

CHARLES E. YATES AND
STATE FARM FIRE AND CASUALTY COMPANY

V.

WHITTEN VALLEY RENTAL CORPORATION

December 2, 1983.

Record No. 802051.

Present: All the Justices.

*Jack P. Chambers (Gillespie, Chambers and Combs,* on brief), for appellants.

*Roger W. Mullins (Mullins & Mullins,* P.C., on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

This is an insurance contract dispute arising from the collapse of a partially built apartment building owned by plaintiff, Whitten Valley Rental Corporation (Whitten). Whitten alleged that the building was insured pursuant to an oral contract of insurance with defendant, State Farm Fire and Casualty Company (State Farm). However, State Farm denied the existence of such a contract.

On appeal, the dispositive issue is whether the plaintiff proved the existence of an oral contract of insurance. At trial, a jury returned a verdict in favor of Whitten and judgment was entered thereon. In our view, however, plaintiff failed to prove all the necessary elements of a contract of insurance. Therefore, we will reverse the judgment of the trial court and enter final judgment for defendants.

The jury was instructed as follows regarding proof of an oral contract of insurance:

An oral contract of insurance is enforceable when the necessary elements have been proven. The necessary elements of an oral contract of insurance are:

(1)  The names of the parties to the contract.

(2)  The subject of the insurance.

(3)  The risks insured against.

(4)  The time at which the insurance takes effect and the length of time it is to continue.

(5)  A statement of the premium.

(6)  The conditions pertaining to the insurance.

This instruction tracks the language of Code § 38.1-333 which states, in the language of command, what *shall* be specified in an insurance policy or contract.

In order to establish an oral contract of insurance each element listed above must be proved by clear and convincing evidence. *Dickerson* v. *Conklin,* 218 Va. 59, 65, 235 S.E.2d 450, 454 (1977); *Walker Agcy. & Aetna Cas. Co.* v. *Lucas,* 215 Va. 535, 211 S.E.2d 88 (1975). Here, there was a failure of proof with respect to certain of the requisite elements.

Two witnesses testified at trial on behalf of Whitten. Both were principals in the business. Since their testimony with respect to the issue of contract formation is not lengthy we will consider it in detail.

William C. Slaughter testified that he discussed the policy with Yates, State Farm's agent. He told Yates that Whitten wanted "full coverage," that money was not a problem, and that all necessary riders should be placed on the policy. However, there was no mention of the nature of the riders. Further, with regard to a premium, Slaughter testified that Yates did not know the amount of the premium but said it would be billed later. That is the extent of Slaughter's testimony as it relates to the issue of contract formation.

Slaughter's business associate, James L. Brewster, testified that Yates was told that Whitten "wanted coverage on the building and coverage on liability in case somebody were to get hurt." He said he told Yates that Whitten "wanted something that would cover everything; something like [Brewster] had on [his] homeowners [sic] policy." Brewster admitted there was no discussion about "any exclusions from any coverage." When asked whether there were any discussions about "any specific coverage that [he] wanted to insure against," Brewster answered as follows: "We didn't say we wanted this, this and this. We just said we wanted full coverage."

Brewster was next asked whether there was any discussion about a particular type of policy. He replied as follows: "No. We just simply asked for the coverage on the building and on liability, anybody getting hurt." He admitted that Yates did not show him a policy nor did Yates show him anything to indicate that he would be "covered for certain things and not covered for others."

Brewster went on to testify that "riders or extra things" on the policy were discussed, but he gave no specifics in this regard. He recalled Slaughter's saying "Put more riders on there, if you want to." But there was no testimony regarding the nature of the riders.

Finally, Brewster testified that the coverage was to begin immediately and last for one year.

We need not go through each of the requisite elements of an oral contract to determine which were proved because it is clear from the foregoing testimony that, at the least, there was insufficient proof of the following three elements: (1) a statement of the premiums, (2) the conditions pertaining to the insurance, and (3) the risks insured against.

Since the foregoing analysis disposes of the appeal, we need not address any other assignments of error.

*Reversed and final judgment.*