## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

John C. Hall
and Eunice T. Hall

v.

Dobbins Insurance
Service, Inc.

July 14, 1992

Case No. L91–919

BY JUDGE WILLIAM H. LEDBETTER, JR.

Mr. and Mrs. Hall brought this action against Dobbins, an insurance agent, for failure to procure "personal property fire loss protection" on the contents of their rental cottage. In their motion for judgment, the Halls allege breach of an oral contract in Count I and negligence in Count II.

The following facts are alleged in the motion for judgment. Mr. and Mrs. Hall obtained from Dobbins a policy of fire insurance on their rental cottage in Spotsylvania County. At the same time, they requested coverage of the contents of the dwelling, and Dobbins agreed. Although a policy of fire insurance covering the building was issued, Dobbins failed to procure coverage for the contents. Fire destroyed the building and its contents on November 11, 1990.

After filing responsive pleadings and engaging in discovery, Dobbins filed a motion for summary judgment. The motion was argued on July 13, 1992, and taken under advisement.

### Count I

As noted above, Count I of the motion for judgment alleges an oral contract for the procurement of "contents coverage." According to Dobbins, the pleadings and admissions of Mr. and Mrs. Hall establish that the requisite elements of an oral contract to procure insurance do not exist as a matter of law.

Summary judgment is appropriate when it appears from "the pleadings, the orders, if any, made at a pretrial conference, and the admissions, if any, in the proceeding that no material fact is genuinely in dispute. Rule 3:18. It applies only where no trial is necessary because no evidence could affect the result. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954). The purpose of the rule is to expedite litigation with as few technicalities as possible, but it does not substitute a new method of trial where material issues of fact exist.

In their motion for judgment, Mr. and Mrs. Hall unequivocally assert that a contract existed between them and Dobbins, by the terms of which Dobbins was to procure insurance coverage for the contents of their rental cottage at the same time he procured for them a policy of fire insurance for the structure. In response to request for admissions, however, Mr. and Mrs. Hall acknowledge that they had *no agreement* with Dobbins regarding "a specific dollar amount of insurance coverage," *no agreement* "as to a specific dollar amount for the premium," *no agreement* "with respect to the conditions of any insurance coverage on the contents," and *no agreement* regarding the "dollar value of the personal property." In fact, they admit that they provided Dobbins *no information* regarding the value of the contents of their rental cottage. (*See* Answers to Request for Admissions filed July 9, 1992.)

In order to establish an enforceable oral contract of insurance, the elements listed in Virginia Code § 38.2–305 must be proved by clear and convincing evidence. *Yates v. Whitten Valley Corp.*, 226 Va. 436 (1983). Where the action is not against the insurance company itself to enforce the insurance contract, as in *Yates*, the same rules apply when the question is whether a contract for the procurement of insurance was formed. *Dickerson v. Conklin*, 219 Va. 59 (1977).

Aside from the insurance statute, cited above, it is well established that an oral contract of insurance must be proved, either at law or in equity, by reference to basic contract principles. In other words, the proponent of an oral contract must prove that all the essential terms were agreed upon. *See Dickerson, supra*, and 10A M.J., *Insurance* §§ 17 and 18.

Here, Mr. and Mrs. Hall have specifically admitted that no agreement was reached with respect to the amount of coverage, the value of the items to be covered, the premium to be charged, or the "condi-

tions of any insurance coverage." The court interprets "conditions" of "coverage" fairly to include questions such as co-insurance, deductibles, replacement cost versus actual fair market value, and similar important qualifying aspects and conditions of an insurance contract.

Admittedly, some of these elements, under certain circumstances, can be supplied by inference. See footnote # 1 in *Dickerson* and citations therein. However, where, as here, the proponents of the oral contract admit the lack of a meeting of minds on practically every significant element of casualty insurance coverage, it is plain that no amount of evidence at trial will be sufficient to create a factual issue as to the formation of a binding and enforceable contract between the parties.

Without unduly belaboring the point, assume that the case went to trial on the Halls' theory of oral contract, and the court permitted the jury to find that the essentials of a contract existed, expressly or by inference: on what would the jury base an award of damages? Would it be for replacement cost or actual fair market value? Would there be a deduction or credit for some sort of "standard" or "customary" deductible? What would be the amount of coverage? Would some amount be deducted or credit for a "reasonable" premium that the Halls did not pay but would have owed had the contract been performed? Since the Halls have admitted that none of these matters were agreed upon, any award in their favor would be purely speculative of what the insurance coverage should have been.

As a matter of law, no binding and enforceable contract exists in this case. On the facts dispositive of that key issue, there is no material dispute. Accordingly, summary judgment must be awarded to Dobbins on Count I.

### Count II

In Count II, the Halls seek recovery for their fire loss based on Dobbins' negligence in failing to procure the contents coverage they requested.

An action for negligence presupposes a breach of duty to use ordinary care. A duty to use ordinary care is not imposed in the abstract. Tort law is not designed to compensate parties for loss suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were

within the contemplation of the parties when framing their agreement. *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419 (1988). Here, the Halls having admitted the absence of agreement upon essential elements of an oral contract, what is the basis of the duty of care owed by Dobbins to them? Clearly, his duties to exercise ordinary care and skill rise or fall upon whether he agreed to procure contents coverage for the Halls. Since the court has determined, as a matter of law, that no agreement was reached, it follows that Dobbins owed the Halls no duty. No facts have been alleged upon which the court can find or infer a duty of care owed by Dobbins to the Halls separate or independent of the purported oral contract, the formation of which fails for lack of meeting of the minds on the essential elements of the undertaking. Without an undertaking, there is no duty. Without a duty, there is no actionable negligence.

For that reason, then, the motion for summary judgment must be granted as to Count II as well as Count I of the motion for judgment. Mr. Lea will please prepare and circulate a final order consistent with this opinion, dismissing this case.