PRESENT:   Koontz, Kinser, Lemons, Goodwyn, Millette, and Mims,
           JJ., and Lacy, S.J.

KATHERINE E. JAMES, TRUSTEE OF THE COLUMBIA
BAPTIST CHURCH, ET AL.
                                        OPINION BY
v.   Record No. 090444          JUSTICE CYNTHIA D. KINSER
                                       June 10, 2010
CITY OF FALLS CHURCH, ET AL.

                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      William T. Newman, Jr., Judge


     This appeal involves a landowner's application to

consolidate three lots of real estate into one lot.  The primary

issue we decide is whether a zoning administrator's

interpretation of an applicable zoning ordinance was binding,

pursuant to Code § 15.2-2311(C), on a planning commission's

decision whether to approve a consolidation application.

Because a planning commission is not an "administrative officer"

and because the zoning administrator did not issue a "written

order, requirement, decision or determination," we conclude that

Code § 15.2-2311(C) is not applicable in the situation before

us.  For these and other reasons, we will affirm the circuit

court's judgment that the planning commission's denial of the

consolidation application was based on the applicable

ordinances, and was not arbitrary or capricious.

                    FACTS AND PROCEEDINGS

     The trustees of Columbia Baptist Church (Columbia Baptist)[1]

seek to consolidate seven contiguous lots of real estate located

in the City of Falls Church (the City) into one lot containing

approximately 5.7 acres.  The seven lots range in size from

7,500 square feet to 156,791 square feet and are zoned either R-

1A (low density residential district) or T-1 (transitional

district) under the City's zoning ordinances.  Three of the lots

contain historic structures subject to the City's Historic and

Cultural Conservation District (HCC) ordinances.[2]

     Initially, Columbia Baptist, in a letter to the City's

zoning administrator, requested "a zoning interpretation" to

determine whether Columbia Baptist could consolidate the seven

lots.  In a letter dated October 3, 2006, the zoning

administrator responded that the consolidation would be

permissible under applicable ordinances.  The zoning

---

     [1] The appellants in this appeal are the trustees holding
legal title to Columbia Baptist's real estate and the church's
director of administration.  Those individuals, along with the
church, will be collectively referred to as "Columbia Baptist."

     [2] See Falls Church City Code § 48-204 (providing
descriptions of R-1A, T-1, and HCC districts).

     The City re-codified its code subsequent to the submission
of briefs in this appeal.  For purposes of clarity, this opinion
will refer to the current sections rather than the former
sections cited by the circuit court and the parties.  The re-
codification did not involve substantive changes to the sections
at issue in this appeal.

                              2

administrator stated that although "the actual consolidation process is a Planning Commission function[,] the Zoning Code does provide for the circumstances arising out of an approved consolidation." Quoting Falls Church City Code (City Code) § 48-800(a), which states that a lot in the R-1A district on which an HCC-designated structure is located "shall not be reduced in size such that it no longer meets the minimum lot size, frontage, and setback requirements of a lot in the R-1A district," the zoning administrator concluded that Columbia Baptist's consolidation plan "results in a much larger lot and does so without reducing setbacks," thus satisfying the requirements of that ordinance. The zoning administrator further concluded that, pursuant to the applicable zoning districts, "there is a by right use available for the existing structures after a consolidation."

After receiving the zoning administrator's response, Columbia Baptist prepared its consolidation application and plat, which it filed with the City's Planning Division in January 2007. Several months later, a senior planner from the Planning Division submitted a report to the City of Falls Church Planning Commission (Planning Commission) regarding Columbia Baptist's consolidation application. According to the senior planner, the proposed consolidation would constitute a "subdivision" as that term is defined in City Code § 38-1 and,

3

pursuant to City Code § 38-34(4), building sites must have the dimensions and areas required by the City's zoning ordinances.

Continuing, the senior planner concluded that the consolidation "would be reducing the size of several lots subject to the HCC district regulations to zero." The lot lines, therefore, would be "extinguished and a building site containing the minimum lot area for R-1A lots would not be provided for each of the designated structures," thus violating City Code § 48-800(a).[3] Since one of the HCC designated lots was already below the minimum lot size required in the R-1A district, the senior planner further concluded that any additional reduction in size would also violate the provisions of City Code § 48-800(a) prohibiting a "lot existing at the time of designation of the structure which is substandard with respect to the minimum lot size . . . requirements of a lot in the R-1A district" from being "further reduced in size." For these reasons, the senior planner recommended that the Planning Commission deny the consolidation application.

The Planning Commission subsequently considered Columbia Baptist's consolidation application along with the senior

---

[3] The senior planner believed the zoning administrator's contrary interpretation was "based on 'circumstances arising out of an approved consolidation,' and therefore set[] forth zoning information under the scenario that a subdivision ha[d] already occurred."

4

planner's report. Columbia Baptist argued that its proposed consolidation would not reduce the lot sizes to zero, but rather would increase the size of the lots to one larger lot. During the hearing, one of the Planning Commission members commented that the zoning administrator seemed to assume that a consolidation had already been approved. Some members also expressed concerns about the lack of information concerning what plans Columbia Baptist had for the property if the seven lots were consolidated. After discussion, the Planning Commission unanimously denied the application "for the reasons set forth in the [s]taff report and as stated in the [s]taff recommendations on Page 4 of the [s]taff report."

Pursuant to Code § 15.2-2260(E), Columbia Baptist filed a complaint in the Circuit Court of Arlington County, appealing the Planning Commission's decision. Columbia Baptist alleged that the Planning Commission's denial of "the consolidation application was not properly based on the applicable ordinances and was arbitrary and capricious." Therefore, Columbia Baptist asked the circuit court to approve its application or direct the Planning Commission to do so.

At a hearing before the circuit court, Columbia Baptist presented testimony from, among others, the zoning administrator, who stated that part of his job included "rendering interpretations of the zoning ordinance." The zoning

administrator also testified that he understood the consolidation had not been approved and that his interpretation of City Code § 48-800(a) was "for a potential application to consolidate." He further explained that he reviewed his response to Columbia Baptist's request for a zoning interpretation with the City's attorney and the general manager of the City's Development Services Department before sending it to Columbia Baptist, and noted that no one appealed his "determination" to the City's Board of Zoning Appeals. The zoning administrator reiterated his conclusion that, "[f]rom a zoning standpoint, there is no prohibition against a consolidation."

On cross-examination, the zoning administrator, however, conceded that subdivision of property is the responsibility of the Planning Commission. And, when asked if his conclusion "assumed a consolidation had been approved," the zoning administrator replied, "Yes." On re-direct, the zoning administrator then again stated that at the time of his response, he understood a consolidation of Columbia Baptist's seven lots had not taken place.

At the conclusion of Columbia Baptist's evidence, the City moved to strike the evidence. According to the City, Columbia Baptist failed to establish that the Planning Commission's disapproval was not properly based on the applicable ordinances,

6

or was arbitrary or capricious. The City argued that the provisions of City Code § 38-34(4) require building sites to have the dimensions and area required by the applicable zoning designation. The proposed consolidation, the City asserted, violated not only City Code § 48-800(a) by eliminating the lots on which the HCC-designated structures are located, but also City Code § 38-34(4) by reducing the lot sizes such that they no longer met the minimum lot size required in the R-1A zoning district.

Columbia Baptist responded, arguing that although the Planning Commission was charged with approving consolidations, the zoning administrator was charged with interpreting zoning ordinances. Thus, according to Columbia Baptist, the Planning Commission was required to follow the zoning administrator's interpretation that the proposed consolidation would not violate the zoning ordinances, specifically City Code § 48-800(a). In addition, Columbia Baptist stated that it was not seeking to eliminate either the historic designations or the historic buildings.

The circuit court granted the motion to strike. The court concluded that although Columbia Baptist relied upon the zoning administrator's interpretation, the Planning Commission had "the authority and the right" to deny the application based on its

7

interpretation of the applicable zoning ordinances and that its decision was not arbitrary or capricious.

Columbia Baptist filed a motion to reconsider, arguing that while the circuit court decided whether the Planning Commission's decision was arbitrary or capricious, it failed to determine whether the Planning Commission's decision was properly based on the applicable ordinances as required by Code § 15.2-2259(D). Columbia Baptist further asserted that the Planning Commission based its decision on erroneous facts, i.e., that the church intended to demolish the historic structures, and that the zoning administrator believed consolidation had already occurred when he responded to Columbia Baptist's request for a zoning interpretation. Finally, Columbia Baptist argued that the zoning administrator's October 2006 letter was a decision or determination under Code § 15.2-2311(C) and consequently a "thing decided" since an appeal of that "determination" was not taken.

The circuit court subsequently entered a final order granting the motion to strike, holding that Columbia Baptist failed to carry its burden to prove that the Planning Commission's decision was not properly based on the ordinances, or was arbitrary or capricious. The court dismissed the complaint with prejudice, and this appeal followed.

ANALYSIS

On appeal, Columbia Baptist challenges the circuit court's judgment on three grounds.  First, it asserts the circuit court applied the wrong standard of review in granting the City's motion to strike the evidence.  Next, Columbia Baptist contends the circuit court erroneously concluded that it failed to meet its burden of proof to show that the Planning Commission's decision was not properly based on the applicable ordinances, or was arbitrary or capricious.  Finally, Columbia Baptist argues the circuit court erred in finding that "the Planning Commission had the right and authority to disregard" the zoning administrator's interpretation of City Code § 48-800(a).  We will address the issues in that order.

With regard to the first issue, Columbia Baptist correctly notes that a trial court is required to accept as true all evidence favorable to a plaintiff and any reasonable inferences that may be drawn from such evidence when ruling on a motion to strike the plaintiff's evidence.  Austin v. Shoney's, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997).  "The trial court is not to judge the weight and credibility of the evidence, and may

not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense."[4]  Id.

Columbia Baptist argues that the circuit court failed to apply these principles because it did not accept as true the evidence favorable to the church when granting the motion to strike.  Instead, according to Columbia Baptist, the court accepted as true two factually incorrect assumptions upon which the Planning Commission purportedly based its decision: (1) that Columbia Baptist would destroy the historic structures if the consolidation were approved, and (2) that the zoning administrator based his interpretation of City Code § 48-800(a) on the belief that consolidation had already taken place. According to Columbia Baptist, its evidence demonstrated both that it had no plans to demolish the historic structures and that the zoning administrator did not think consolidation of the seven lots had already occurred.  Columbia Baptist thus argues that if the circuit court had accepted its evidence as true, it would have denied the motion to strike.

Contrary to Columbia Baptist's assertions, the record contains no evidence that either the senior planner or the Planning Commission based their respective decisions on an

---

[4] When reviewing a trial court's decision to strike a plaintiff's evidence, this Court likewise views the evidence in the light most favorable to the plaintiff.  Lee v. Nationwide Mut. Ins. Co., 255 Va. 279, 284, 497 S.E.2d 328, 330 (1998).

10

assumption that the zoning administrator believed consolidation of the seven lots had already occurred. Although the senior planner noted in her report that the zoning administrator's response was "based on 'circumstances arising out of an approved consolidation,'" she did not recommend denial of the consolidation application for that reason. Rather, the senior planner explicitly stated, in both the analysis and recommendation portions of her report, that the proposed consolidation would eliminate the existing lot lines of the R-1A lots on which the historic structures are located, thereby reducing the size of those lots to zero in violation of City Code § 48-800(a). The Planning Commission denied the consolidation application "for the reasons set forth in the [s]taff report and as stated in the [s]taff recommendations on Page 4 of the [s]taff report."

Similarly, the Planning Commission did not base its denial of the consolidation application on the assumption that Columbia Baptist would demolish the historic structures if the consolidation were approved. As Columbia Baptist notes, some citizens thought the historic buildings would be destroyed and, at the Planning Commission hearing, voiced their disapproval of the application for that reason. And, some members of the Planning Commission expressed general concerns because they did not know Columbia Baptist's future development plans for the

11

lots.  Any concern about destruction of the historic structures, however, did not form the basis of the Planning Commission's decision, and Columbia Baptist's contention otherwise is inaccurate.  See West v. Mills, 238 Va. 162, 168, 380 S.E.2d 917, 921 (1989) (finding insufficient evidence that a planning commission's decision was influenced by citizen pressure).

In the absence of evidence showing that the Planning Commission based its decision on incorrect factual assumptions, the circuit court necessarily did not fail to accept as true the evidence favorable to Columbia Baptist as well as all reasonable inferences drawn from that evidence.  See Austin, 254 Va. at 138, 486 S.E.2d at 287.  In sum, this assigned error has no merit.

In its second assignment of error, Columbia Baptist asserts the circuit court erred in finding that it failed to meet its burden of proof to demonstrate, pursuant to Code §§ 15.2-2259(D) and -2260(E), that the Planning Commission's decision was not properly based on the applicable zoning ordinances, or was arbitrary or capricious.[5]  Citing Seymour v. City of Alexandria, 273 Va. 661, 643 S.E.2d 198 (2007), Columbia Baptist first

_____

[5] Columbia Baptist filed its consolidation application as both a preliminary and final subdivision plat, see Code §§ 15.2-2259(D) and -2260(E), respectively.  The circuit court's final order, however, references only Code § 15.2-2260(E).  The operative language in both sections is identical.

12

argues that the Planning Commission failed to base its decision on the applicable ordinances "but instead [relied] on a misinterpretation of the ordinance and upon the Planning Commission's desire to have before it an application showing [Columbia Baptist's] (as yet undetermined) development plans for the properties' future use." As already explained, the Planning Commission's determination was not based on concerns regarding Columbia Baptist's future development plans, or the lack thereof, for the property. Although some Planning Commission members voiced concerns about the absence of such plans, the Planning Commission's denial of the consolidation application was based on the senior planner's report and the conclusion that the proposed consolidation would violate City Code § 48-800(a).

In Seymour, the public as well as planning commission members voiced concerns about future use of certain property, and the commission actually stated those concerns as one of the reasons for disapproving an application for a preliminary subdivision plat. 273 Va. at 665-66, 643 S.E.2d at 200. In contrast, the Planning Commission here did not rely upon future development plans as a basis for denying Columbia Baptist's consolidation application.

Columbia Baptist further argues that although the circuit court concluded the Planning Commission's denial of the consolidation application was not arbitrary or capricious, it

13

failed to address whether that denial was "properly based on the applicable ordinance." Our review of the record reveals that the circuit court did not fail to determine whether the Planning Commission's decision was properly based on the applicable ordinances. In granting the motion to strike, the circuit court stated that "the [P]lanning [C]ommission [had] the authority and the right to do what [it] did." That statement necessarily reflects the circuit court's conclusion that the Planning Commission's decision was properly based on the applicable ordinances.

Finally, with regard to the second assignment of error, Columbia Baptist contends that since the zoning administrator concluded the consolidation would be permissible under City Code § 48-800(a), the Planning Commission's interpretation to the contrary was arbitrary or capricious. Columbia Baptist asserts not only that the Planning Commission misinterpreted the zoning administrator's position,[6] but also that there was no evidence the zoning administrator's interpretation was wrong. In sum, Columbia Baptist argues it carried its burden to demonstrate that the Planning Commission's denial of its consolidation

---

[6] As already explained, the Planning Commission did not base its denial of the consolidation application on erroneous factual assumptions.

application was not based on the applicable ordinances, and was arbitrary or capricious.

A trial court must sustain a planning commission's decision approving or disapproving a preliminary or final subdivision plat unless the decision "was not properly based on the ordinance applicable thereto, or was arbitrary or capricious." Code §§ 15.2-2259(D) and -2260(E); see also Board of Supervisors of Culpeper County v. Greengael, L.L.C., 271 Va. 266, 277, 626 S.E.2d 357, 363 (2006). On appeal, "the trial court's judgment is presumed correct and will not be set aside unless the judgment is plainly wrong or unsupported by the evidence." Greengael, 271 Va. at 277, 626 S.E.2d at 363.

The ordinance at issue, City Code § 48-800(a), states:

> A lot in the R-1A . . . district on which a designated structure is located shall not be reduced in size such that it no longer meets the minimum lot size, frontage, and setback requirements of a lot in the R-1A district. A lot existing at the time of designation of the structure which is substandard with respect to the minimum lot size, frontage, or setback requirements of a lot in the R-1A district shall not be further reduced in size, unless any substandard feature remains unaffected.

Further, according to City Code § 38-1, a "[s]ubdivision" includes, inter alia, "the consolidation of two or more lots or parcels."

We agree with the circuit court that the Planning Commission's decision was properly based on the applicable

15

ordinances, and was not arbitrary or capricious.  Columbia Baptist's application proposed, in part, to consolidate three lots containing historic structures into one, larger lot. According to City Code § 48-800(a), each of those lots cannot "be reduced in size such that it no longer meets the minimum lot size, frontage, and setback requirements."  Consolidating the three lots upon which the historic structures are located necessarily requires the elimination of lot lines, meaning the lots would no longer satisfy the frontage and setback requirements.  In addition, as the senior planner explained in her report, extinguishing the lines for three lots means that "a building site containing the minimum lot area for R-1A lots would not be provided for each of the designated structures." (Emphasis added.)

We have defined an act as "arbitrary and capricious" when it is " 'willful and unreasonable' and taken 'without consideration or in disregard of facts or law or without determining principle,' " School Bd. of the City of Norfolk v. Wescott, 254 Va. 218, 224, 492 S.E.2d 146, 150 (1997)(citation omitted), or when the deciding body "departed from the appropriate standard in making its decision."  Johnson v. Prince William County Sch. Bd., 241 Va. 383, 389 n.9, 404 S.E.2d 209, 212 n.9 (1991).  In denying Columbia Baptist's consolidation application on the basis of City Code § 48-800(a), the Planning

16

Commission did not disregard facts, applicable law, determining principles, or the appropriate standards.  In sum, Columbia Baptist failed to show that the Planning Commission's denial of its consolidation application was not properly based on the applicable ordinances, or was arbitrary or capricious.  Thus, we conclude that the circuit court did not err in finding that Columbia Baptist failed to satisfy its burden of proof under Code §§ 15.2-2259(D) and -2260(E).

Finally, in the third assignment of error, Columbia Baptist asserts the circuit court erred in ruling that the Planning Commission had the authority to ignore the zoning administrator's interpretation of City Code § 48-800(a). According to Columbia Baptist, the provisions of Code § 15.2-2311(C) prohibited the Planning Commission from rejecting the zoning administrator's interpretation of City Code § 48-800(a) because that interpretation was not appealed within 60 days. Columbia Baptist further argues that the zoning administrator alone has the authority to administer and enforce the zoning ordinances and his interpretation was made in that official capacity.  The Planning Commission, although given the power to approve consolidation of lots, does not have the authority to administer zoning ordinances and was required, according to Columbia Baptist, to accept the zoning administrator's interpretation.

We agree with the City that Code § 15.2-2311(C) is not applicable in this case.  That section states:

> In no event shall a written order, requirement, decision or determination made by the zoning administrator or other administrative officer be subject to change, modification or reversal by any zoning administrator or other administrative officer after 60 days have elapsed from the date of the written order, requirement, decision or determination where the person aggrieved has materially changed his position in good faith reliance on the action of the zoning administrator or other administrative officer unless it is proven that such written order, requirement, decision or determination was obtained through malfeasance of the zoning administrator or other administrative officer or through fraud. The 60-day limitation period shall not apply in any case where, with the concurrence of the attorney for the governing body, modification is required to correct clerical or other nondiscretionary errors.

Code § 15.2-2311(C).

By its terms, the statute only limits the subsequent actions of a "zoning administrator or other administrative officer."  Id.  The Planning Commission, however, is neither.  Because "administrative officer" is not defined in the statute, we give the term its ordinary meaning.  Thompson v. Commonwealth, 277 Va. 280, 289, 673 S.E.2d 469, 473 (2009).  The term "administrative officer" is singular.  In contrast, a planning commission consists of five to fifteen members who are appointed by the governing body and must be residents of the locality.  Code § 15.2-2212.

Furthermore, Code §§ 15.2-2309(1) and -2311(A) refer to "administrative officer[s] in the administration or enforcement of this article," i.e., Article 7 pertaining to zoning.  In contrast, Article 2 contains the statutory provisions regarding local planning commissions, which "serve primarily in an advisory capacity to the governing bodies."  Code § 15.2-2210.  Thus, the Planning Commission is not an "administrative officer."

In addition, the provision in Code § 15.2-2311(C) prohibiting "change, modification or reversal" pertains only to a zoning administrator's or other administrative officer's "written order, requirement, decision or determination."  In this case, however, the zoning administrator merely provided an interpretation of City Code § 48-800(a).  In its letter to the zoning administrator, Columbia Baptist requested "a zoning interpretation."  And in his reply letter, the zoning administrator made clear that he was responding to "a request for an interpretation."  He further stated: "While the actual consolidation process is a Planning Commission function[,] it is my interpretation" that the ordinances permit the consolidation.  (Emphasis added.)  That "interpretation" lacked the finality of an "order, requirement, decision or determination" under Code § 15.2-2311(C).  See Board of Supervisors of Stafford County v. Crucible, 278 Va. 152, 160-61, 677 S.E.2d 283, 287-88

19

(2009) (finding that Code § 15.2-2311(C) did not apply to a zoning verification letter because the letter did not affirmatively approve the project at issue and establish a vested right, but merely interpreted the definition of "school" under the then-current zoning laws); see also Code § 15.2-2286(A)(4) (discussing a zoning administrator's decision on an application for modification from an ordinance and stating that "[t]he decision of the zoning administrator shall constitute a decision within the purview of [Code] § 15.2-2311).

Regardless of the applicability of Code § 15.2-2311(C), Columbia Baptist, nevertheless, maintains that the Planning Commission has no authority to interpret zoning ordinances because that responsibility lies exclusively with the zoning administrator by virtue of Code § 15.2-2286(A)(4). However, pursuant to City Code § 38-4 and City Charter § 17.29 as well as Code § 15.2-2259, the Planning Commission has the authority to approve subdivision plats. See also Code § 15.2-2258 (requiring landowner to submit a proposed subdivision plat to a planning commission). Further, the Planning Commission is required to provide specific reasons for disapproving a plat by "identify[ing] deficiencies in the plat that cause the disapproval by reference to specific duly adopted ordinances, regulations, or policies." Code § 15.2-2259(A); see also City Charter § 17.29 (the Planning Commission must consider a

20

subdivision plat in "the light of the regulations and restrictions applicable to the same and approve or disapprove the plat in accordance therewith"). The Planning Commission thus necessarily must interpret and apply relevant zoning ordinances in approving or disapproving a proposed subdivision plat.[7] The Planning Commission was not obliged to adopt the zoning administrator's "interpretation" of City Code § 48-800(a). Thus, the circuit court did not err in finding that the Planning Commission could disregard the zoning administrator's interpretation in deciding whether to approve or disapprove the consolidation application.

CONCLUSION

For these reasons, we will affirm the judgment of the circuit court.

Affirmed.

---

[7] Columbia Baptist also argues that City Code § 38-89 makes the approval of its subdivision application a "ministerial" act. That section, however, deals with the consolidation of vacated plats and is inapplicable to this case.