COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Alston and Senior Judge Clements
Argued at Alexandria, Virginia


THOMAS KEVIN TRUMP

MEMORANDUM OPINION[*] BY
v.      Record No. 2475-09-4          JUDGE JEAN HARRISON CLEMENTS
SEPTEMBER 21, 2010

VICKY DEMPSEY TRUMP


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

Adam T. Kronfeld (David L. Duff; The Duff Law Firm, on brief), for
appellant.

Lorraine M. Koury (Robert F. Zaniel; Divorce Resource, PLLC, on
brief), for appellee.


Thomas Kevin Trump (husband) appeals the trial court's decision to grant Vicky Dempsey

Trump's (wife) motion to strike and dismiss husband's request for modification of spousal support

and child support.  Husband argues that the trial court erred in finding husband failed to prove a

change in circumstances warranting a modification of his spousal support and child support

obligations and granting wife's motion to strike the evidence on that basis.  Upon reviewing the

record, briefs, and argument of the parties, we reverse the trial court's decision and remand this

case to the trial court for further proceedings consistent with this opinion.

BACKGROUND

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

"According to well-settled principles of appellate review, when the trial court grants a motion to strike the plaintiff's evidence, we review the evidence on appeal in the light most favorable to the plaintiff." Green v. Ingram, 269 Va. 281, 290, 608 S.E.2d 917, 922 (2005) (citations omitted).

The parties were married on September 28, 1985, separated on May 1, 2005, and divorced on February 27, 2007. The final decree of divorce stated that husband's spousal support obligation was $4,500 per month and his child support obligation was $1,961 per month.

On January 2, 2008, the trial court entered an order reducing husband's spousal support obligation to $3,670 per month and his child support obligation to $1,582 per month.

On June 3, 2009, husband filed a motion for modification of support and visitation. Husband alleged that his income decreased and that wife's income increased. The trial court heard husband's evidence on October 14, 2009. The parties stipulated that husband's income was $21,000 per month in 2007. Husband's accountant testified "the net income from Kevin Trump, Inc., [sic] to Kevin Trump for 2009, for the nine months, is 27 percent lower than his 2007 income from Trump, Inc."[1] Husband testified his current gross income was $17,380 per month. At the conclusion of husband's evidence, wife made a motion to strike, arguing that husband "has not presented sufficient evidence to show that his income has significantly gone down." The trial court granted wife's motion to strike and stated, "But I find that there is not a material change in circumstance in his financial position, and that's evidenced by the fact that

---

[1] Husband owns Trump, Inc. and KC, LLC. Trump, Inc. owns four Midas muffler shops, and KC, LLC owns real estate.

he's still putting almost $100,000 in savings. His income just on these sheets is not materially changed."

On October 15, 2009, the trial court entered an order granting wife's motion to strike and dismissing husband's motion to modify support. Husband timely noted his appeal.

ANALYSIS

Husband argues that the trial court erred in granting wife's motion to strike and finding that husband had not proven a change in circumstances warranting a modification of child support and spousal support.

"The standard that governs the trial court's review of the plaintiff's evidence before granting a motion to strike the case is well settled." Chaplain v. Chaplain, 54 Va. App. 762, 772, 682 S.E.2d 108, 113 (2009).

> [A] trial court is required to accept as true all evidence favorable to a plaintiff and any reasonable inferences that may be drawn from such evidence when ruling on a motion to strike the plaintiff's evidence. "The trial court is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense."

James v. City of Falls Church, 280 Va. 31, 38, 694 S.E.2d 568, 572 (2010) (quoting Austin v. Shoney's, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997)). See also Chaplain, 54 Va. App. at 772-73, 682 S.E.2d at 113.

Applying this standard to the evidence husband presented in seeking to modify his support obligations, we hold the trial court erred in concluding husband failed to present a *prima facie* case for a material change in circumstances.

> A court may exercise the power granted by Code §§ 20-108 and 20-109 to modify a decree concerning child or spousal support if the party seeking the modification proves that a "material change of circumstance has occurred since the last award or hearing to modify support," and that the change "'justifies an alteration in the amount of support.'" Hiner v. Hadeed, 15 Va. App. 575, 579, 425

S.E.2d 811, 814 (1993) (quoting <u>Yohay v. Ryan</u>, 4 Va. App. 559, 576, 359 S.E.2d 320, 324 (1987)); <u>see</u> <u>Furr v. Furr</u>, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992).

<u>Head v. Head</u>, 24 Va. App. 166, 173-74, 480 S.E.2d 780, 784 (1997).

Considering the evidence in the light most favorable to husband, the evidence showed that his income went from $21,000 in 2007 to $17,380 in 2009. Husband produced his 2009 pay stubs to document his income. Husband testified that Trump, Inc.'s sales revenues have declined since 2006 and that he reduced as many expenses as he could, including laying off eight employees. On cross-examination, wife's counsel questioned husband about his personal income over the years, and husband admitted that his personal income increased in 2008. On re-direct, husband explained that the reason for the increase in his personal income from 2007 to 2008 was because he had not purchased certain equipment that he needed for his business; instead, he conserved the cash because his cash reserves were being depleted.[2] Husband's accountant testified that Trump, Inc.'s net income for the first three quarters of 2009 was twenty-seven percent lower than the first three quarters of 2007.[3]

The trial court did not accept the 2009 figures because they were "half-a-year figures and an estimate and a guess." The trial court accepted the 2008 income figures, which were higher than the 2007 income figures. The trial court also acknowledged that husband was able to deposit approximately $100,000 into savings. The trial court concluded that husband did not prove a material change in circumstances.

However, the trial court failed to consider the evidence in the light most favorable to husband. Husband showed that there was a reduction in his income from 2007 to 2009. In

---

[2] Husband's 2007 tax return showed his total income to be $374,387, and his 2008 tax return showed his total income to be $406,565.

[3] Husband's accountant explained that net income was "gross income, minus cost of doing business minus expenses. This is the income that he [husband] would pay tax on."

deciding not to accept the 2009 income figures and focusing on the $100,000 in savings, the trial court assessed the weight of the evidence. The trial court did not apply the correct standard of review in ruling on the motion to strike.

Therefore, we find that the trial court erred in holding that husband had not made a *prima facie* case of a material change in circumstances.

CONCLUSION

For the reasons discussed above, we reverse and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>