PRESENT:  All the Justices

BOARD OF SUPERVISORS OF
RICHMOND COUNTY

                                    OPINION BY
v.  Record No. 161209                     JUSTICE S. BERNARD GOODWYN
                                      August 31, 2017

JANIE L. RHOADS, ET AL.

FROM THE CIRCUIT COURT OF RICHMOND COUNTY
Harry T. Taliaferro, III, Judge

In this appeal, we consider whether the circuit court erred in applying Code § 15.2-231l(C) and ruling that property owners had a vested right to the use of their property in violation of a zoning ordinance, when more than 60 days elapsed after the zoning administrator issued a determination which allowed that use, and the property owners materially changed their position in good faith reliance upon that determination.

BACKGROUND

Janie Rhoads, Edmund Rhoads, Crystal Rhoads, and Meade Rhoads (collectively, the Rhoadses) own property in Richmond County (the Property).[1]  On November 13, 2013, the Rhoadses filed an application for a Zoning Certificate of Compliance (Application) to build a "2-story all unfinished detached garage" (Garage) on the Property, and attached architectural drawings of the proposed Garage.  The Richmond County (County) zoning administrator, Morgan Quicke (Quicke), visited the Property, which has a one-story primary dwelling, before checking the box for "Approved" on the Application and signing the Certificate of Compliance

---

[1] Meade Rhoads was not initially a party to the two lawsuits discussed below, but he later became an owner of the Property and was added as a defendant to the injunction case brought by the Board by Order dated October 19, 2015.

(Certificate) on November 18, 2013.[2] The Certificate included instructions regarding how to appeal if the Application was denied. The Rhoadses completed the Garage in June 2014 at a cost of approximately $27,000.

In July 2014, Joseph Quesenberry, the new County zoning administrator (Quesenberry), informed the Rhoadses that the previously approved Garage was in violation of Richmond County Zoning Ordinance (Zoning Ordinance) Section 2-3-6 (the Ordinance), because it was taller than the primary structure on the Property. On September 24, 2014, a written notice of zoning violation was sent to the Rhoadses, advising them that the Garage was in violation of the Ordinance (Notice).

The Rhoadses appealed the Notice to the County Board of Zoning Appeals (BZA) by letter dated October 13, 2014. The stated grounds for the appeal were that the Rhoadses had received a Certificate of Compliance signed by the County's zoning administrator, the Rhoadses had relied upon the Certificate in building the Garage, and, under Code § 15.2-2311(C), their "rights [had] vested and the permits for erection of the [Garage] are not subject to revocation or reversal." The BZA denied the Rhoadses' appeal, and affirmed Quesenberry's decision that the Garage violated the Ordinance.

On February 23, 2015, pursuant to Code § 15.2-2314, the Rhoadses appealed the BZA's decision by filing a petition for certiorari in the Circuit Court of Richmond County (Rhoadses' Appeal). The County Board of Supervisors (Board) filed an answer to the Rhoadses' Appeal and also filed a complaint for declaratory and injunctive relief against the Rhoadses, requesting a declaration that the Garage is in violation of the Ordinance and an injunction to prevent the continued violation of the Ordinance (Board Case).

---

[2] Quicke was both the County administrator and the acting County zoning official at the time.

2

On October 19, 2015, the circuit court held an *ore tenus* hearing to address both the Rhoadses' Appeal and the Board Case, and admitted into evidence a joint stipulation of undisputed facts and evidence regarding the history of the Property and the Garage project. The Rhoadses stipulated that the Garage violated the Ordinance, but for the approval of the zoning administrator, and the Board stipulated that Quicke visited the Property in September 2013, and "knew, as of that site visit, that the primary structure was one-story in height."

Meade Rhoads testified that, prior to beginning the Garage project, he and his contractor met with the County code compliance officer at the Property, and the code compliance officer suggested a two-story garage. The two-story Garage design was submitted in the Application, for the zoning administrator's approval. Quicke acknowledged that the Application showed a 14 by 32 feet, two-story garage, but testified that he did not read the Application or look at the plan attached to the Application before signing the Certificate, in his capacity as the County's zoning administrator. After receiving the Certificate, the Rhoadses built the Garage, according to the plans approved by the Certificate.

The Rhoadses asserted that the BZA erred by failing to find that their rights, in the zoning administrator's initial determination, vested pursuant to Code § 15.2-2311(C). The Board asserted that Code § 15.2-2311(C) did not apply and that the BZA's decision should be affirmed.

On May 18, 2016, the circuit court entered its final order in both cases and held that "Code § 15.2-231l(C) applies, and the Rhoads[es] have established their entitlement to relief under that provision." Accordingly, the circuit court reversed the BZA decision, and entered judgment in favor of the Rhoadses in the Rhoadses' Appeal. It also denied the Board's requests for declaratory and injunctive relief, and entered judgment in favor of the Rhoadses in the Board Case as well.

The Board appeals both cases.[3]

ANALYSIS

The Board argues that Code § 15.2-2311(C) does not apply, because Quicke "lacked the

authority to approve a plain violation of the Zoning Ordinance, and the Certificate he issued was

therefore void *ab initio*."  The Board also claims that Code § 15.2-2311(C) does not apply in this

case because the Certificate was not a "determination" within the meaning of the statute.

Additionally, it asserts that the circuit court erred because Code § 15.2-2311(C) only applies to

bar the subsequent actions of a zoning administrator or other administrative officer, and not those

of any other body, such as the Board or a court.

The issue on appeal is whether the circuit court correctly interpreted and applied the

terms of Code § 15.2-2311(C).  This Court reviews the interpretation of a statute de novo.  *Nolte*

*v. MT Tech. Enters., LLC*, 284 Va. 80, 89, 726 S.E.2d 339, 344 (2012).

> When the language of a statute is unambiguous, we are bound by the plain
> meaning of that language.  Furthermore, we must give effect to the legislature's
> intention as expressed by the language used unless a literal interpretation of the
> language would result in a manifest absurdity.  If a statute is subject to more than
> one interpretation, we must apply the interpretation that will carry out the
> legislative intent behind the statute.

*Id*. at 89-90, 726 S.E.2d at 344.

Code § 15.2-2311 governs appeals to a board of zoning appeals.  Code § 15.2-2311(C)

specifically provides:

> In no event shall a written order, requirement, decision or determination made by
> the zoning administrator or other administrative officer *be subject to change,*
> *modification or reversal by any zoning administrator or other administrative*
> *officer after 60 days have elapsed from the date of the written order, requirement,*
> *decision or determination* where the person aggrieved has materially changed his
> position in good faith reliance on the action of the zoning administrator or other

---

[3] The two cases, which were tried together but not formally consolidated in the circuit
court, have been joined in this appeal.

4

administrative officer unless it is proven that such written order, requirement, decision or determination was obtained through malfeasance of the zoning administrator or other administrative officer or through fraud. The 60-day limitation period shall not apply in any case where, with the concurrence of the attorney for the governing body, modification is required to correct clerical errors.

(Emphasis added.)

By its plain terms, the prerequisites for Code § 15.2-2311(C) to apply are: (1) a "written order, requirement, decision or determination made by the zoning administrator;" (2) the passage of at least 60 days from the zoning administrator's determination; and (3) a material change in position "in good faith reliance on the action of the zoning administrator."

It is agreed that more than 60 days elapsed between the zoning administrator's initial approval of the zoning and his successor's later assertion of a zoning violation; Quesenberry did not advise the Rhoadses that the Garage violated the Ordinance until more than 240 days after Quicke signed the Certificate, approving the Garage. It is also undisputed that the Rhoadses materially changed their position in good faith reliance on the zoning administrator's approval of the zoning for their building plans, because they built the Garage at a cost of nearly $27,000.

The Board claims that the circuit court erred in applying Code § 15.2-2311(C) because the zoning administrator granted a Certificate that was in clear violation of the Zoning Ordinance, and that the Certificate was therefore void *ab initio* and could not be a "written order, requirement, decision or determination" under Code § 15.2-2311(C). In support of its position, the County notes that this Court has previously held that a landowner had no rights in a building permit that was issued in violation of applicable zoning ordinances. *See Blacksburg v. Price*, 221 Va. 168, 170-71, 266 S.E.2d 899, 900-01 (1980) (holding that a building permit issued at variance with the zoning ordinance was "void *ab initio*" and "no vested rights were acquired [thereunder] by the permittee"); *WANV, Inc. v. Houff*, 219 Va. 57, 63-64, 244 S.E.2d 760, 764

5

(1978) (concluding that a building permit issued in violation of the zoning ordinance was "void"); *and Segaloff v. City of Newport News*, 209 Va. 259, 261-62, 163 S.E.2d 135, 137 (1968) (same).

As noted by the Board, prior to 1995 administrative zoning decisions that violated the zoning laws were void and property owners bore the sole responsibility for the consequences of a government's zoning mistake. *See, e.g., Segaloff*, 209 Va. at 261-62, 163 S.E.2d at 137. However, in 1995, the General Assembly enacted the "vested rights" provision currently codified in Code § 15.2-2311(C). 1995 Acts ch. 424. The plain language of Code § 15.2-2311(C) indicates that the statute is intended to eliminate the hardship property owners have suffered when they rely to their detriment upon erroneous or void zoning decisions.

We have characterized as remedial those statutes that provide protections to those otherwise not in a position to effectively defend themselves. *See, e.g.*, *Commercial Constr. Specialties, Inc. v. ACM Constr. Mgmt. Corp.*, 242 Va. 102, 105-06, 405 S.E.2d 852, 854 (1991) (concluding that a statute regarding bond requirements for contractors who contract with public agencies was remedial, because it was designed to protect subcontractors and materialmen who could not perfect mechanic's liens against public property); *Government Emps. Ins. Co. v. United Servs. Auto. Ass'n*, 281 Va. 647, 657, 708 S.E.2d 877, 883 (2011) (explaining that "Code § 38.2-2204, the omnibus clause, is a remedial statute enacted to serve the public policy of broadening the coverage of automobile liability insurance for the protection of the injured persons"). Code § 15.2-2311(C) is a remedial statute.

The remedial purpose of Code § 15.2-2311(C) is to provide relief and protection to property owners who detrimentally rely in good faith upon erroneous zoning determinations and who would otherwise suffer loss because of their reliance upon the zoning administrator's error.

6

A statute that is remedial in nature is "liberally construed so that the purpose intended may be accomplished," and is to be "read so as to promote the ability of the enactment to remedy the mischief at which it is directed." *Manu v. GEICO Cas. Co.*, 293 Va. 371, 389, 798 S.E.2d 598, 608 (2017) (citations and internal quotation marks omitted).

Considering the plain language and remedial nature of the statute, Code § 15.2-2311(C) manifestly creates a legislatively-mandated limited exception to the judicially-created general principle that a building permit issued in violation of applicable zoning ordinances is void. *See Tvardek v. Powhatan Village Homeowners Ass'n*, 291 Va. 269, 276 n.4, 784 S.E.2d 280, 283 n.4 (2016) (noting that "[a]brogation of the common law requires that the General Assembly plainly manifest an intent to do so") (citation and internal quotation marks omitted). As this Court has previously noted, "Code § 15.2-2311(C) . . . provide[s] for the potential vesting of a right to use property in a manner that 'otherwise would not have been allowed.'" *Goyonaga v. Board of Zoning Appeals*, 275 Va. 232, 244, 657 S.E.2d 153, 160 (2008) (citation omitted). The circuit court did not err in rejecting the Board's claim that the Certificate was void *ab initio* because the Certificate granted a right to use property in a manner that otherwise would not have been allowed under the Zoning Ordinance.

The Board claims that even if the Certificate was not void *ab initio*, the signed Certificate was still not a "written order, requirement, decision or determination" by the zoning administrator. We disagree.

In issuing the Certificate, the zoning administrator necessarily made a determination that the building plans complied with the Zoning Ordinance in all respects. *See* Zoning Ordinance Section 3-7-1(A) (providing that a certificate of compliance will be issued "for those proposals which have obtained all necessary approvals and permits and comply with this [Zoning]

7

Ordinance") *and* Section 5-3 (defining the term "certificate of compliance" as "[c]ertification by the Land Use Administrator that the plans are in compliance with this [Zoning] Ordinance"). Although the Board argues to the contrary, it is irrelevant that the decision or determination evidenced by the Certificate makes no reference to the height of the Garage or to the zoning administrator's intent to waive the requirements of the Zoning Ordinance. Such specificity is not required by Code § 15.2-2311(C). The issuance of the Certificate clearly constitutes a decision or determination by the zoning administrator that the building plans complied with the Zoning Ordinance.

The conclusion that the Certificate constitutes a determination by the zoning administrator is consistent with our prior cases involving Code § 15.2-2311(C). In *Norfolk 102, LLC v. City of Norfolk*, 285 Va. 340, 354-56, 738 S.E.2d 895, 903 (2013), we held that Code § 15.2-2311(C) did not apply to a "Cash Receipt" signed by a zoning administrator, because that document "was not a specific determination by the zoning administrator or any other City official that either of these businesses could use their respective premises in a manner not otherwise allowed under the zoning ordinances in effect at that time." Similarly, in *James v. City of Falls Church*, 280 Va. 31, 44, 694 S.E.2d 568, 575 (2010), we held that a zoning administrator's mere "interpretation" of a zoning ordinance "lacked the finality of an 'order, requirement, decision or determination' under Code § 15.2-2311(C)," such that no vesting occurred.

In contrast, the Certificate was a written determination by the zoning administrator that a particular building plan on a particular property complied with the applicable zoning ordinances. It affirmatively approved the zoning for the Garage project at issue. The Certificate was a final determination, as this Court has required. *See James*, 290 Va. at 44, 694 S.E.2d at 575 (a zoning

8

interpretation lacks the finality of an "order, requirement, decision or determination" under Code § 15.2-2311(C)). The Certificate itself provided notice that the zoning administrator's decision was appealable, which demonstrates that the zoning administrator's involvement was final after he signed the Certificate. Thus, the Certificate was a determination by the zoning administrator which satisfied that requirement under Code § 15.2-2311(C).

The Board also claims that Code § 15.2-2311(C) only binds a zoning administrator, but need not and should not be considered by any other body such as a board or a court in determining if there is an enforceable violation of a zoning ordinance. In support of its position, the Board notes that this Court stated in *James* that Code § 15.2-2311(C) "only limits the subsequent actions of a 'zoning administrator or other administrative officer,'" and "[t]he Planning Commission, however, is neither." *Id.* at 43, 694 S.E.2d at 575.

The quoted language from *James* should not be interpreted as allowing the BZA and the Board to ignore the requirements of and to evade the application of Code § 15.2-2311(C) in making the determination of whether there is an enforceable violation of a zoning ordinance. In *James*, the appeal concerned a decision made by a planning commission. The planning commission, not the zoning administrator, had authority over the issue of approving the subdivision and consolidation of properties which the landowner requested. We noted that "Code § 15.2-2311(C) [was] not applicable" to protect a property owner against an adverse decision by a planning commission regarding the subdivision and consolidation of several properties after the zoning administrator issued an "interpretation" that such a consolidation was permitted by the Zoning Ordinance. 280 Va. 43-44, 694 S.E.2d at 574-75. Because there was only an interpretation, and no determination by a "zoning administrator or other administrative officer," we concluded that this prerequisite for the application of Code § 15.2-2311(C) was not

9

present in that case. There was no vesting of a zoning determination, because no zoning determination was made by the zoning administrator. Code § 15.2-2311(C) only provides for vesting after a zoning determination. Code § 15.2-2311(C) could not possibly apply to limit the subsequent actions of the planning commission.

The issue of whether Code § 15.2-2311(C) must be considered by other entities involved in the enforcement of a zoning ordinance, after a zoning administrator makes a decision or determination which is relied upon by a property owner, was not before the Court in *James*. By its terms, Code § 15.2-2311(C) and its vesting provisions must be considered and enforced by a BZA, a board of supervisors, or a court in making a zoning determination or reviewing its correctness, if the prerequisites for the application of the statute are satisfied.[4]

A zoning administrator is a representative of his or her board of supervisors.[5] *Board of Supervisors v. Board of Zoning Appeals*, 268 Va. 441, 450-51, 604 S.E.2d 7, 12 (2004). "[A] principal is bound by representations of his agent, made either in the scope of his employment or in furtherance of the object for which he is employed." *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 632, 331 S.E.2d 490, 493 (1985) (internal quotation marks omitted). Thus, when a

---

[4] By way of example, if a landowner appeals a zoning administrator's notice of violation to a board of zoning appeals, the board of zoning appeals should consider whether the zoning administrator had the right to issue such a violation under Code § 15.2-2311(C). As we noted in *Goyonaga*, the property owner has the "burden of establishing the vesting of a right to an otherwise impermissible use of property under Code § 15.2-2311(C)." 275 Va. at 244, 657 S.E.2d at 160. If the zoning administrator is barred from changing his or her prior determination by Code § 15.2-2311(C), the board of zoning appeals must consider that statute in determining whether the zoning administrator erred in finding there was an enforceable violation of the zoning ordinance by the landowner.

[5] Zoning Ordinance Section 5-3 defines the "land use administrator" as "[t]he representative of the Richmond County Board of Supervisors who has been appointed to serve as the agent of the Governing Body in administering this Ordinance."

zoning administrator has acted within the scope of his employment and made a "decision" or "determination" within the meaning of Code § 15.2-2311(C), he or she has also bound the board of supervisors. If Code § 15.2-2311(C) did not bind the board of supervisors as the zoning administrator's principal, it would afford scant, if any, protection to the property owner, and would not serve to "remedy the mischief at which [the statute] is directed." *Manu*, 293 Va. at 389, 798 S.E.2d at 608. The remedial purpose of the statute requires the statute to be interpreted so as to provide relief and protection to property owners who rely in good faith upon erroneous zoning determinations.

In this instance, the approval of the Certificate was an action within the scope of the authority delegated by the Board to the zoning administrator. The issuance of the Certificate constituted a determination within the meaning of Code § 15.2-2311(C). Also, more than 60 days elapsed after the zoning administrator issued his determination that the Garage complied with the Zoning Ordinance, and the Rhoadses materially changed their position in reliance upon that determination. Thus, the prerequisites for the application of Code § 15.1-2311(C) are present in this case.

The Rhoadses' rights in using their property in the manner initially approved by the zoning administrator vested upon fulfillment of the requirements of Code § 15.2-2311(C). Once their rights vested under Code § 15.2-2311(C), they were not subject to alteration by the zoning administrator, the BZA or the Board. Therefore, the circuit court did not err in applying Code § 15.2-2311(C) to uphold the Rhoadses' vested rights to use their property in the manner originally approved by the zoning administrator.

11

## CONCLUSION

Accordingly, for the foregoing reasons, we will affirm the judgments of the Circuit Court of Richmond County.

*Affirmed.*