COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Ortiz and Friedman
Argued at Norfolk, Virginia

**PUBLISHED**

DONALD CALWAY

v.        Record No. 1692-22-1

CITY OF CHESAPEAKE

OPINION BY
JUDGE DANIEL E. ORTIZ
NOVEMBER 28, 2023

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

John S. Koehler (The Law Office of James Steele, PLLC, on briefs),
for appellant.

Andrew A. Meyer, Assistant City Attorney, for appellee.

When a locality issues a notice of a zoning violation, Code § 15.2-2311(A) requires several specific statements to put the property owner on notice of their right to appeal. We hold that (1) while exact language is not required, each statutory statement is mandatory, (2) the failure to include these statements makes a notice inherently defective, and (3) if a locality fails to satisfy the statutory notice requirements, a subsequent enforcement action is voidable. Because the notice provided in this case was insufficient to satisfy the requirements of Code § 15.2-2311(A), making such notice defective, we hold that this enforcement action is void and thus reverse the judgment of the circuit court.

Once an enforcement action is declared void by a court, as here, any corresponding legal determinations cannot be treated as a "thing decided." *See Eubank v. Thomas*, 300 Va. 201, 207 (2021). While we note that a locality may not revive an invalid enforcement action by issuing a new notice complying with Code § 15.2-2311(A), the failure to appeal a valid notice does render any factual or legal issues in the notice a "thing decided," and no longer subject to court review.

Thus, though this case must be dismissed, the illegality of the carport at issue is still subject to additional enforcement action which might rely on any valid determinations made by the zoning administrator.

BACKGROUND

In 2004 or 2005, the prior owner of 1113 Santeetlah Avenue, Chesapeake, VA 23325 ("the property") installed a freestanding carport without obtaining the required building permit. Donald Calway purchased the property from the prior owner on May 10, 2018.

On August 19, 2020, a code compliance inspector issued a notice of violation ("NOV") to Calway for a violation on the property.[1] The NOV stated that "[a]n inspection of the property on AUG 19, 2020 revealed that the [sic] on the property is in violation of Section 20-101(B.) of the Chesapeake Zoning Ordinance." The notice instructed Calway to "take the appropriate measures to correct this violation by AUG 29, 2020." Fine print at the bottom of the notice also described Calway's opportunity to appeal to the Board of Zoning Appeals ("BZA") within 30 days but did not mention that failure to appeal would make the decision final and unappealable.[2] Calway did not appeal to the BZA. On October 7, 2020, the City of Chesapeake General District Court ("GDC") issued Calway a summons for civil penalty for his zoning violation.

Around that time, Calway contacted the zoning administrator to determine the legal status of his carport. He received a reply (the "determination letter") on November 4, 2020, again

---

[1] Although the NOV did not expressly state the nature of the violation, the parties do not dispute that the violation applied to a freestanding carport.

[2] The NOV stated, in relevant part, that

> [a]nyone aggrieved by this decision has thirty (30) days from the date of this letter to appeal the above decision to the Chesapeake Board of Zoning Appeals (BZA). The cost for filing an appeal to the BZA which includes the cost of the required advertising is $175. Application and more information can be obtained on the City's website at [website].

stating that the carport was illegal and must be removed. The determination letter included another notice that the decision could be appealed to the BZA and explicitly stated that failure to appeal would make the decision final and unappealable.[3] Calway did not appeal.

On November 18, 2020, following a hearing, the GDC entered judgment for Calway and dismissed the complaint. The City of Chesapeake ("the City") appealed the GDC ruling to the circuit court. The circuit court heard the case in February 2022, with Calway appearing without counsel. Calway argued that because he and the prior owner had collectively paid taxes which included the value of the carport for more than 15 years, he had a vested right and the carport was not illegal. On April 27, 2022, the court issued a letter opinion that ruled against Calway and ordered the removal of the carport within six months of the court's final order. The court found that Calway failed to exhaust administrative remedies because he never appealed the NOV or the determination letter to the BZA. Thus, the court found that the carport's status was a "thing decided" and was not subject to challenge in court, declining to address Calway's contentions on the merits.

Calway subsequently retained counsel and filed a motion to reconsider. Following the motion for reconsideration, the court issued another opinion letter, reaffirming its original opinion letter, and entered a final order on October 18, 2022, requiring the removal of the carport. Calway appeals.

---

[3] The determination letter stated that

> anyone aggrieved by this decision has thirty (30) days from the date of this letter to appeal the above decision to the Chesapeake Board of Zoning Appeals (BZA) or this decision shall be final and unappealable. The cost for filing an appeal to the BZA includes a $100 administration fee plus the cost of required advertising. Additional information can be obtained from the Department of Development and Permits, [at listed address].

ANALYSIS

## I. Validity of Notice of Violation

The threshold issue in this appeal is whether the NOV issued on August 19, 2020, complied with the statutory requirements of Code § 15.2-2311. If the NOV provided Calway with adequate notice of his right to appeal as required by the statute, then his failure to appeal the NOV to the BZA renders the original decision of the local inspector a "thing decided," and bars further judicial review. *See Eubank*, 300 Va. at 207. On the other hand, if the notice failed to satisfy the statutory requirements, the enforcement action should be declared void and Calway's challenge to the NOV cannot be barred as a "thing decided." *See* Code § 15.2-2311(A); *Eubank*, 300 Va. at 207. We hold that the NOV issued on August 19, 2020, was defective, and declare the enforcement action void, requiring this case to be dismissed.

We review questions of statutory interpretation de novo. *Bd. of Supervisors v. Rhoads*, 294 Va. 43, 49 (2017). Code § 15.2-2311(A) provides that aggrieved parties may appeal decisions of the zoning administrator to the BZA and that such appeals must occur within 30 days. Code § 15.2-2311(A). That section also lays out the requirements for "any written notice of a zoning violation or a written order of the zoning administrator." *Id.* The statute requires that the notice

> shall include a statement informing the recipient that he may have a right to appeal the notice of a zoning violation or a written order within 30 days in accordance with this section, and that the decision shall be final and unappealable if not appealed within 30 days. The zoning violation or written order shall include the applicable appeal fee and a reference to where additional information may be obtained regarding the filing of an appeal.

*Id.* Parsing the statute, we find that a valid notice must include four elements: (1) that the party has the right to appeal within 30 days; (2) that the zoning decision will be final and unappealable

if no appeal is filed within 30 days; (3) the cost of filing an appeal; and (4) the location of further information about appeals. *See id.*

The initial NOV Calway received on August 19, 2020, included the fine-print statement that (1) the zoning decision could be appealed within 30 days to the Chesapeake BZA, (2) the appeal would cost $175, and (3) further information could be obtained on the City's website. The parties do not dispute the omission of explicit language stating that the order was "final and unappealable" but disagree as to the significance of that omission. Calway asserts that the statute requires any NOV to include explicit language about the finality of a zoning determination if it is not appealed. The City argues that the NOV satisfied the statutory requirements and provided Calway adequate notice of his right to appeal.

The issue of whether Code § 15.2-2311 requires zoning notices to include precise language is one of first impression for this Court.[4] We employ the plain meaning of a clear and unambiguous statute "unless a literal construction would result in a manifest absurdity." *Hubbard v. Henrico Ltd. P'ship*, 255 Va. 335, 339 (1998). In statutory construction, "every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." *Id.* at 340. Code § 15.2-2311(A) requires that each NOV "include a statement informing the recipient that he may have a right to appeal the notice of a zoning violation . . . within 30 days in accordance with this section, *and* that the decision shall be final and unappealable if not appealed within 30 days." (Emphasis added). The use of "and" here tells us that both requirements are mandatory—notice of the right to appeal, and notice of the finality of the decision if not appealed.

---

[4] Attorney General Robert F. McDonnell previously considered this issue in an official advisory opinion. *See* 2008 Op. Va. Att'y Gen. 59, 60-61. Though such opinions are "not binding on this Court, an Opinion of the Attorney General is 'entitled to due consideration.'" *Beck v. Shelton*, 267 Va. 482, 492 (2004) (quoting *Twietmeyer v. City of Hampton*, 255 Va. 387, 393 (1998)). Our opinion here is consistent with McDonnell's analysis.

We reject the City's assertion that the finality of the determination was "inherent" in the stated right to appeal within 30 days. Without the finality language, a property owner might logically conclude that the failure to appeal to the BZA within 30 days would foreclose an appeal in that forum, but that they could later appeal to a court. Regardless, the statute places the burden on the zoning administrator to clearly delineate the appeal rights of property owners. It is not within our purview to question the legislature, which clearly and unambiguously required that NOVs *both* describe the general right to appeal *and* note a determination's finality. *See Barr v. Town & Country Props., Inc.*, 240 Va. 292, 295 (1990) ("We must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.").

The City also points out that Code § 15.2-2311 lacks quotation marks or any indicator that precise terminology is required. We agree. Yet, though the statute does not require an NOV to include the *exact* language of the code, effective notice must cover each element required by statute. We decline to read out of the statute an element that the legislature expressly included. Each NOV must describe both (1) the right to appeal within 30 days *and* (2) the finality of the decision after 30 days if not appealed.

Additionally, the inclusion of a reference to Code § 15.2-2311 among online supplemental materials related to a property owner's right to appeal does not satisfy the statutory notice requirement. The City argues that the NOV here was sufficient because it included a link to the City's website, and the website included the full language of the code—specifically, that the determination was final if not appealed. Code § 15.2-2311(A) explicitly requires that an NOV include "a reference to where additional information may be obtained regarding the filing of an appeal." Meeting one obligation does not relieve the City of its other obligations, including providing language about finality. Ultimately, the City's notice was defective.

## II. Impact of Defective Notice

We hold that the failure to comply with statutory notice requirements renders an enforcement action voidable. "[A] matter is void either because it has been null from the beginning (void ab initio) or because it is declared null although seemingly valid until that point in time (voidable)." *Jones v. Commonwealth*, 293 Va. 29, 46 (2017) (quoting *Nelson v. Warden*, 262 Va. 276, 285 (2001)). Judgments are void if they have "been procured by extrinsic or collateral fraud . . . or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95 (1987). A matter may be voidable, however, based on "a court's failure 'to comply with the requirements for exercising its authority.'" *Jones*, 293 Va. at 47 (quoting *Nelson*, 262 Va. at 281).

Taken together, Chapter 22 of Title 15.2 of the Code and the City of Chesapeake Zoning Ordinance (the "zoning ordinance") lay out the proper procedures by which a zoning enforcement action may be brought. Under the zoning ordinance, to seek a civil penalty or a court order to abate a zoning violation, a locality must first issue an NOV, notifying the property owner of their noncompliance. *See* City of Chesapeake, Va. Zoning Ordinance § 20-202(C)(4).[5] As discussed above, that notice must include information about the property owner's right to appeal to the BZA within 30 days. *See* Code § 15.2-2311(A). Under the statute, the 30-day "appeal period shall not commence until the statement [about appeal rights] is given . . . ." *Id.* If, after receiving an NOV, the property owner fails to remedy the violation, the locality may issue a summons for civil penalty, listing the ordinance allegedly violated and "[t]he location, date, and time that the infraction occurred or was observed." City of Chesapeake, Va. Zoning

---

[5] We note that the zoning ordinance was amended in November 2022, changing the numbering of § 20-202(C) slightly. The amendments have no bearing on the substance of this appeal, and as such citations throughout this opinion refer to the most recent version of the ordinance.

Ordinance § 20-202(C)(5). Upon receipt of the summons, the property owner may admit liability and pay the civil penalty or face a trial in the general district court. *Id.* § 20-202(C)(6). After a finding of liability, in addition to levying a civil penalty, the court may order the property owner to abate the violation within up to six months. *Id.* § 20-202(C)(6)-(7); *see also* Code § 15.2-2209. However, the statute also notes that "[f]or jurisdictions that impose civil penalties for violations of the zoning ordinance, any such civil penalty shall not be assessed by a court having jurisdiction during the pendency of the 30-day appeal period." Code § 15.2-2311. Stated differently, a locality must first issue an NOV, including the proper statutory notices; only when a valid NOV is provided does the 30-day period for an appeal to the BZA begin to toll. During the appeals period, a court may not assess a civil penalty, nor issue an abatement order. In cases where the original notice is defective, the appeals period never begins to toll and a court may not properly order any penalty. Thus, though a court may have "jurisdiction over the subject matter [and] the parties," the court ultimately may not resolve the case and has no option but to dismiss it. *See Rook*, 233 Va. at 95. An enforcement action resting on this defective foundation may be declared void by an appropriate court upon a challenge by the property owner.

In the case at hand, the City brought an enforcement action by issuing a defective NOV, as discussed above, followed by a summons for civil penalty. Because the NOV lacked the necessary statement about the finality of the zoning determination, the 30-day appeals period never commenced, and no court had authority to order a penalty. Because the GDC lacked the authority to issue a civil penalty or an abatement order, it properly dismissed the case. Any subsequent findings by the circuit court were without authority, and thus we declare the enforcement action void. The case here must be dismissed.

### III.  Effect of Determination Letter on Enforcement Action

Finally, we disagree with the City's assertion that the defective notice was harmless because the City included a full notice of appeal rights in the determination letter issued on November 4, 2020.  The determination letter arrived almost a month *after* Calway was served with a summons on October 7, 2020.  While the determination letter focused on the same property and same alleged zoning violation as the summons, the letter on its own only answered Calway's earlier question about the status of the carport.  Unlike the NOV, the determination letter did not include required next steps, such as correcting the violation by a specified date, or the impending risk of enforcement action if the carport was not removed.  Instead, it merely pointed back to the original NOV, which, as discussed above, was defective.[6]  The summons continued to rely on Calway's violation as of August 19, 2020.  An order for a civil penalty or abatement cannot rest on this defective foundation.

### IV.  Calway's Vested Rights

Though the City could not breathe new life into this enforcement action by providing after-the-fact notice of Calway's appeal rights, the determination letter did contain the proper statutory provisions to notify Calway that the illegality of his carport would be a "thing decided" if he did not appeal to the BZA within 30 days.  *See Eubank*, 300 Va. at 207.  As a result, the administrator's determination that the carport violates the zoning ordinance is potentially shielded from further attack in this or any future litigation.  Because we find that this enforcement action is void, we do not reach the issue of whether Calway has a vested right under Code § 15.2-2307 in this case.  *See Commonwealth v. White*, 293 Va. 411, 419 (2017) ("[T]he

---

[6] The City here could have issued a new summons, referring to the November 4 date as the date of violation, allowing the GDC to take proper jurisdiction of the case.  However, though the City briefly moved the circuit court to amend the summons to list a date of violation of November 21, 2021, the City quickly withdrew its motion and continued to rely on the defective NOV throughout the course of this litigation.

doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).[7]

CONCLUSION

Code § 15.2-2311(A) requires that any time a locality issues a notice of zoning violation, the property owner be notified of each element of their right to appeal, as laid out in the statute. The statute distinctly requires a notice to state (1) the right to appeal within 30 days; (2) the finality of a decision if not appealed; (3) the cost of an appeal; and (4) the location of additional resources about the appeals process. Failure to include each piece of information in an NOV renders the notice defective and is insufficient to trigger the appeals period. As such, subsequent enforcement action is voidable and subject to court challenge. Because the NOV here lacked important statutory language about the finality of the zoning determination if not appealed, the notice was defective and the subsequent enforcement action cannot stand. We thus reverse the judgment of the circuit court.

*Reversed and remanded for further proceedings consistent with this opinion.*

---

[7] Calway urges us to reach the vested rights issue as a threshold matter. We decline to do so.